**Reginald MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–01253–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 6, 1993.
Discretionary Review Refused
Sept. 22, 1993.

Paul C. Looney, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the denial of a writ of habeas corpus. In his sole point, Appellant maintains that the trial court erred in refusing to discharge him from his illegal confinement and restraint. We affirm.

Appellant was arrested and indicted for felony possession of cocaine. He posted bond. While on bond, he was arrested and indicted for murder. The trial court raised bail in the felony-cocaine case to one hundred thousand dollars, and set bail in the murder case at one hundred and fifty thousand dollars. Appellant made both bonds.

While on bond for those cases, Appellant was arrested for the misdemeanor offense of possession of marijuana. The Court revoked both bails, and set bail at "No Bond." Subsequently, on October 1, 1992, the Court set bail in the felony-cocaine case at two hundred and fifty thousand dollars, and set bail in the murder case at five hundred thousand dollars. Appellant claims that the trial court erred in revoking and then increasing his bails.

TEX.CODE CRIM.PROC.ANN. art. 17.09 § 3 (Vernon 1977) provides that:

> Whenever, during the course of the action, the judge ... finds that the bond is defective, excessive or insufficient in amount, ... or for any other good and sufficient cause, such judge ... may ... order the accused to be rearrested, and require the accused to give another bond in such amount as the judge ... may deem proper.

Appellant claims that an arrest for a misdemeanor offense does not constitute "good and sufficient cause" to increase bail. He relies on *Queen v. State*, 842 S.W.2d 708 (Tex.App.—Houston [1st Dist.] 1992, no pet).

In *Queen*, the appellant was awaiting retrial for the felony offense of burglary of a habitation. His request for a new trial had been granted and the Court had set bail, conditioned on home curfew and electronic monitoring. The appellant posted bond. He was subsequently arrested for the misdemeanor offense of theft. The appellant spent the night in jail and was reported "absent" from his home by the electronic monitoring system. The trial court revoked his bond and never set new bail. The First Court of Appeals held that:

> ... the fact of defendant's failure to be in his home during the curfew hours ... in facial violation of the curfew condition of his pretrial bail, does not provide any basis for the trial court to deny appellant continued pretrial bail.

*Queen* at 711. In dicta, the Court noted that it did not believe that *this* misdemeanor offense would even constitute "good and sufficient cause" to increase the bail set. *Id.* at 712.

Contrary to Appellant's contention, the First Court did not hold that a misdemeanor offense can never constitute "good and sufficient cause."

It is within the trial court's discretion to increase the bail set. *Meador v. State*, 780 S.W.2d 836, 837 (Tex.App.—Houston [14th Dist.] 1989, no pet.) We will not disturb its decision unless we find that the Court has abused that discretion. No precise standard exists for determining

what constitutes "good and sufficient cause" under Article 17.09. Therefore, each case must be reviewed on a fact-by-fact basis.

The facts of this case indicate that twice while Appellant was on bond he was arrested for committing other crimes; one, the violent offense of murder. Under Article I § 11a(2) of the Texas Constitution, the trial court might have initially denied the Appellant bond when he was accused of committing murder while on bail for the felony offense of possession of cocaine.[1] Reviewing all the facts, we find that the trial court did not abuse its discretion in *increasing* Appellant's bails. Appellant does not object that the amounts of bail set are excessive, only that the trial court exceeded its power in increasing the bails. Therefore, we express no opinion on the issue of excessive bail. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

---

1. TEX. CONST. art. I, § 11a(2) provides that "Any person accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted … and upon evidence substantially showing the guilt of the accused … of the offense committed while on bail … may be denied bail pending trial … if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused."