TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00342-CR







Ex Parte: Jack Warren Davis, Appellant








FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR89-251-B, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING








 This is an appeal from the trial court's refusal to issue a writ of habeas corpus after
the trial court raised appellant's bail bond from $50,000 to $250,000. Appellant asserts that the
trial court abused its discretion by revoking the $50,000 bond and resetting bail at $250,000. We
agree and vacate the order.

 Appellant's conviction for capital murder with punishment assessed at confinement
for life was reversed by this Court. See Davis v. State, 831 S.W.2d 426 (Tex. App.--Austin 1992,
pet. ref'd). After remand, appellant filed an application for writ of habeas corpus alleging that
the indictment pending against him should be dismissed based on a deprivation of his rights under
the double jeopardy provisions of the United States Constitution and the Texas Constitution. The
trial court issued the writ, held a hearing and denied relief. Appellant's bond was set at $50,000. 
This Court affirmed the trial court's denial of habeas relief. Ex parte Davis, 893 S.W.2d 252
(Tex. App.--Austin 1995, pet. filed).

 Following this Court's affirmance, the State filed a motion in the trial court to
increase appellant's bond from $50,000 to $250,000. The motion alleged that, due to this Court's
affirmance of the trial court's denial of habeas relief, the possibility that appellant would not
appear for trial was increased. On March 23, 1995, the trial court held a hearing on the State's
motion, revoked the $50,000 bond and raised appellant's bond to $250,000. On April 7, 1995,
appellant filed an application for writ of habeas corpus alleging that the State had not shown "good
and sufficient cause" to raise appellant's bond. Appellant's application requested the trial court
to take judicial knowledge of the proceeding held on March 23, 1995, and to reinstate appellant's
bond at $50,000. On April 27, 1995, the trial court entered an order denying appellant's
application for writ of habeas corpus.

 The general rule is that a trial court's ruling is appealable only when the trial court
issues the writ, rules upon the merits of the question presented at the habeas hearing and denies
the relief sought. See Ex parte Carter, 849 S.W.2d 410, 413 (Tex. App.--San Antonio 1993, pet.
ref'd). Accordingly, the issue we must resolve at the outset is whether this Court has jurisdiction
to hear appellant's appeal since the trial court refused to issue the writ of habeas corpus and did
not hold a hearing. In Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim. App. 1991), the trial court
had refused to issue the writ of habeas corpus and hold an evidentiary hearing. Id. at 868. 
However, the trial court found that there were no issues that could not be resolved by examining
the existing record, proceeded to address the merits of each of the allegations submitted by the
applicant, and found them to be without merit. The Court of Criminal Appeals held that a trial
court's refusal to issue the habeas writ is appealable where the trial court ruled on the merits of
applicant's claim. Id. at 869.

 In the instant cause, the trial court had held an evidentiary hearing on the identical
matter raised by the habeas application approximately two weeks earlier. That nothing relevant
to the merits of the issue in question had occurred since the hearing was reflected by the State's
argument before this Court where the State advanced the identical reason for raising appellant's
bond that it had urged at the evidentiary hearing in the trial court on March 23, 1995.

 We find it reasonable to assume that the trial court concluded that it would not be
in the interest of judicial economy to relitigate an issue identical to one that it had heard two
weeks earlier. While the trial court made no explicit findings in refusing to issue the writ, it
defies common sense and reason to conclude that the trial court did not rule on the merits of
appellant's claims based on the recently held hearing on the identical issue. Implicit in the trial
court's ruling is a finding that this Court's affirmance of the trial court's denial of habeas relief
in the double jeopardy matter furnished good and sufficient cause to raise appellant's bond from
$50,000 to $250,000. Accordingly, we conclude this Court has jurisdiction to hear appellant's
appeal.

 The Texas Code of Criminal Procedure provides in pertinent part that:



[W]henever, during the course of the action, the judge . . . finds that the bond is
defective, excessive or insufficient in amount, . . . or for any other good and
sufficient cause, such judge . . . may . . . order the accused to be rearrested, and
require the accused to give another bond in such amount as the judge . . . may
deem proper.



Tex. Code Crim. Proc. Ann. art. 17.09, § 3 (West 1977). It is within the trial court's discretion
to increase bail, and we will not disturb its decision unless we find that the trial court has abused
its discretion. See Meador v. State, 855 S.W.2d 92 (Tex. App.--Houston [14th Dist.] 1993, pet.
ref'd). No precise standard exists for determining what constitutes "good and sufficient cause"
under article 17.09 and each case must be reviewed on its own facts. Id. at 93-94.

 At the hearing on its motion to increase bond, the State asked the trial court to take
judicial knowledge of this Court's affirmance of the trial court's denial of habeas relief based on
appellant's claim of double jeopardy. The State reasoned that the Court of Criminal Appeals
would deny appellant's pending petition for review, that appellant would be tried again and that
this factor would increase the risk of appellant's flight. No witnesses were called by the State.

 Robert Bier, an employee of the Comal County Supervision and Corrections
Department who had served as appellant's supervisor during the fifteen months he had been
released on bond, was called as a witness by appellant. Bier's testimony showed that appellant
had contacted him twice a week during this period in accordance with the conditions of his
release. Two or three random urinalyses each month failed to show any drug or alcohol use. 
Appellant's work record compiled by his employer showed that he had missed only three days of
work in fifteen months. Bier stated that appellant had done nothing to violate the trial court's
conditions of release; that appellant "had gone beyond what he's to do" in complying with the trial
court's conditions for release on bond. Bier further testified that he believed appellant would
appear for trial and that he was not a risk for flight. Appellant had done nothing to cause Bier
to feel that his bond was insufficient.

 Under cross-examination by the State, Bier testified that bonds in serious murder
cases run fairly high in Comal County. In response to the State's question about whether a bond
of $250,000 in this case would be more constant with reasonable bonds in Comal County, Bier
responded, "Depending on the case, yes sir."

 "The amount of bail should not be fixed at a sum that would be oppressive or result
in a denial of bail, but should be fixed at an amount that will insure the presence of the defendant
to answer to the indictment." Ex parte McDonald, 852 S.W.2d 730, 732 (Tex. App.--San Antonio
1993, no pet.). The only testimony offered at the hearing to increase appellant's bond showed
excellent compliance with the conditions of his release on bond and the opinion of his supervisor
during the fifteen months that appellant had been out on bond that he was not a risk for flight and
that he would appear for trial. "Good and sufficient cause" to increase appellant's bond from
$50,000 to $250,000 is not shown as a result of this Court's action in affirming the trial court's
denial of habeas relief based on appellant's claim of jeopardy. Nor do we find that the trial
court's knowledge of what a reasonable bond for this type of case should be was enhanced by the
State's cross-examination of Bier.

 We hold that this cause is properly before this Court and that the trial court abused
its discretion in increasing appellant's bond from $50,000 to $250,000. The March 23, 1995
order of the trial court raising appellant's bail to $250,000 is reversed and bail is ordered set at
$50,000.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Reversed; Bail Set at $50,000

Filed: January 10, 1996 

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



BR WP="BR1">
Tex. Code Crim. Proc. Ann. art. 17.09, § 3 (West 1977). It is within the trial court's discretion
to increase bail, and we will not disturb its decision unless we find that the trial court has abused
its discretion. See Meador v. State, 855 S.W.2d 92 (Tex. App.--Houston [14th Dist.] 1993, pet.
ref'd). No precise standard exists for determining what constitutes "good and sufficient cause"
under article 17.09 and each case must be reviewed on its own facts. Id. at 93-94.

 At the hearing on its motion to increase bond, the State asked the trial court to take
judicial knowledge of this Court's affirmance of the trial court's denial of habeas relief based on
appellant's claim of double jeopardy. The State reasoned that the Court of Criminal Appeals
would deny appellant's pending petition for review, that appellant would be tried again and that
this factor would increase the risk of appellant's flight. No witnesses were called by the State.

 Robert Bier, an employee of the Comal County Supervision and Corrections
Department who had served as appellant's supervisor during the fifteen months he had been
released on bond, was called as a witness by appellant. Bier's testimony showed that appellant
had contacted him twice a week during this period in accordance with the conditions of his
release. Two or three random urinalyses each month failed to show any drug or alcohol use. 
Appellant's work record compiled by his employer showed that he had missed only three days of
work in fifteen months. Bier stated that appellant had done nothing to violate the trial court's
conditions of release; that appellant "had gone beyond what he's to do" in complying with the trial
court's conditions for release on bond. Bier further testified that he believed appellant would
appear for trial and that he was not a risk for flight. Appellant had done nothing to cause Bier
to feel that his bond was insufficient.

 Under cross-examination by the State, Bier testified that bonds in serious murder
cases run fairly high in Comal County. In response to the State's question about whether a bond
of $250,000 in this case would be more constant with reasonable bonds in Comal County, Bier
responded, "Depending on the case, yes sir."

 "The amount of bail should not be fixed at a sum that would be oppressive or result
in a denial of bail, but should be fixed at an amount that will insure the presence of the defendant
to answer to the indictment." Ex parte McDonald, 852 S.W.2d 730, 732 (Tex. App.--San Antonio
1993, no pet.). The only testimony offered at the hearing to increase appellant's bond showed
excellent compliance with the conditions of his release on bond and the opinion of his supervisor
during the fifteen months that appellant had been out on bond that he was not a risk for flight and
that he would appear for trial. "Good and sufficient cause" to increase appellant's bond from
$50,000 to $250,000 is not shown as a result of this Court's action in affir