Affirmed in part; Reversed and Remanded in part and Opinion filed April
17, 2003









Affirmed in part; Reversed and Remanded in part and Opinion filed April 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00079-CR

____________

 

EX PARTE ANTHONY JOSEPH MARCANTONI

AKA JONATHAN DAVID SAMET,


 



 

On
Appeal from the 337th District Court

Harris County, Texas

Trial
Court Cause No. 935,631

 



 

M
E M O R A N D U M  O P I N I O N

This
is an appeal from the denial of habeas corpus relief.  In two issues, appellant, Anthony Joseph
Marcantoni aka Jonathan David Samet,[1]
challenges the trial court=s revocation of his pre-trial bond and refusal to set a new
bond.  We affirm in part, and reverse and
remand in part.








Appellant,
was charged with felony possession of marijuana (between fifty and two thousand
pounds).  Pre-trial bond was set at
$200,000.  Appellant posted bond and was
released.  At a subsequent court
appearance on December 16, 2002, the trial court ordered as a condition of bond
that appellant submit to urinalysis by the Office of Court Services.  On the same day, the trial court revoked
appellant=s bond and set new bond at zero after he tested positive for
drug use on the urinalysis.  Appellant
filed an application for writ of habeas corpus seeking reinstatement of his
bond and release based on denial of due process, or, alternatively, asking that
new bond be set.  On January 13, 2002,
following an evidentiary hearing, the trial court denied habeas corpus relief.

Standard of Review

We
review a trial court=s ruling on a habeas corpus application for abuse of
discretion. Parrish v. State, 38 S.W.3d 831, 834 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  In our abuse of
discretion analysis, we determine whether the court acted without reference to
any guiding rules or principles; in other words, whether the court acted
arbitrarily or unreasonably.  Lyles v.
State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

Revocation of Bond

In his first issue, appellant contends his imprisonment is
illegal because he was denied due process when his bond was revoked.  See Tex.
Code Crim. Proc. Ann. art. 11.40 (Vernon 1977) (providing in habeas
corpus proceeding, applicant shall be discharged if no legal cause is shown for
the imprisonment).  He asserts he was
denied due process for three reasons: (1) he was not given proper notice that
failing a urinalysis would result in revocation of his bond; (2) he was
punished retroactively for acts that were not bond violations when they were
committed; and (3) his bond was revoked on legally insufficient grounds.  We disagree.








First, appellant asserts he was denied due process because he
was not given proper notice that failing a urinalysis would result in
revocation of his bond.  At the outset, the State responds that
appellant has waived this complaint because he presented no evidence that he
objected at the time the urinalysis condition was imposed.  See Smith v. State, 993 S.W.2d 408,
410-11 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d)
(holding failure to object to bond conditions when imposed precluded defendant
from challenging them via habeas corpus appeal).  We have not been presented with a record of
the proceeding at which the condition was imposed; therefore, we do not know
whether appellant objected to the condition. 
Even had appellant objected to the condition in the trial court,
however, he would not be entitled to habeas corpus relief.

Appellant
does not contest that the trial court had statutory authority to impose
urinalysis as a bond condition.  See Tex. Code Crim. Proc. Ann. art.
17.44(a)(2) (Vernon Supp. 2003) (authorizing
trial court to impose testing for a controlled substance as a bond
condition).  Instead, he argues that
because the right to bail is constitutional, he was entitled to notice that the
trial court intended to impose urinalysis as a bond condition and that failing
the urinalysis could result in bond revocation. 
See Smith, 993 S.W.2d at 412 (citing Robinson v. State, 700 S.W.2d 710, 712-13 (Tex. App.CHouston [14th Dist.] 1985, no pet.) (recognizing liberty
interest in bail which invokes the constitutional right to due process).  However, he cites no authority requiring such
notice; in fact, he concedes that article 17.44 does not expressly require such
notice.[2]








Nevertheless,
appellant was given notice by statute that the trial court could impose
urinalysis as a bond condition and revoke bond if he failed the
urinalysis.  Article 17.44(a)(2)
explicitly provides that testing for the presence of a controlled substance in
the defendant=s body may be imposed as a condition for release on bond.  Tex.
Code Crim. Proc. Ann. art. 17.44(a)(2). 
Further, article 17.44(c) explicitly provides that if such testing
indicates the presence of a controlled substance, bond may be revoked and the
defendant arrested.  Tex. Code Crim. Proc. Ann. art.
17.44(c) (Vernon Supp. 2003).  Notice is
given in compliance with due process standards simply by the publication of a
statute.  Burns v. Harris County Bail
Bonds Bd., 139 F.3d 513, 521 (5th Cir. 1998) (citing Breath v. Cronvich,
729 F.2d 1006, 1011 (5th Cir. 1984), cert. denied, 469 U.S. 934  (1984)). 

Next,
appellant contends he was denied due process because he was punished
retroactively.  In essence, he complains
that even if he failed the urinalysis, he ingested the controlled substance
before the trial court imposed urinalysis as a bond condition. This contention
is without merit.  Article 17.44(c)
authorizes the trial court to revoke bond if testing indicates the presence of
a controlled substance; it does not render that authority dependent on when the
defendant ingested the controlled substance. 
See Tex. Code Crim. Proc.
Ann. art. 17.44(c).








Further,
appellant does not deny that he ingested a controlled substance, only that he
must have done so before the bond condition was imposed.  Article 17.09 ' 3 of the Code of Criminal Procedure provides that the judge or
magistrate in whose court an action is pending may Afor
any other good and sufficient cause. . . order the accused to be rearrested,
and require the accused to give another bond in such amount as the judge or
magistrate may deem proper.@  Tex. Code Crim. Proc. Ann. art. 17.09 section 3 (Vernon
1977).  Article 17.09 '
3 does not limit good and sufficient cause to a violation of a specific bond
condition imposed on a defendant.  See
id.  There is no precise standard for
determining what constitutes Agood and sufficient cause@ under Article 17.09 ' 3.  Miller v. State,
855 S.W.2d 92, 93-94 (Tex. App.CHouston [14th Dist.]
1993, pet. ref=d).  Therefore, each case
must be reviewed on a fact‑by‑fact basis.  See id. at 94.  Considering appellant is charged with felony
drug possession, ingestion of a controlled substance while on bond supports a
finding of good and sufficient cause for revoking bond.  See id. at 93-94 (holding trial court
did not abuse its discretion by revoking bond and increasing bail when
defendant was arrested for misdemeanor possession of marijuana while on bond
for felony possession of cocaine and murder). 
Therefore, appellant was not denied due process when the court exercised
its discretion to revoke his bond for failing a urinalysis test regardless of
when he ingested the controlled substance.

Finally,
appellant contends he was denied due process because his bond was revoked on
legally insufficient grounds.  This is
apparently a challenge to the legal sufficiency of the evidence because he
cites that standard of review. 
Specifically, he complains that the State did not prove that the
urinalysis was performed in accordance with scientifically accepted protocols,
and the State did not prove a proper chain of custody.  We question appellant=s
ability to challenge the legal sufficiency of the evidence supporting
revocation because we review the trial 
court=s denial of a habeas corpus application for abuse of
discretion.  See Parrish, 38
S.W.3d at 834.  Nevertheless, appellant
has presented no record of the proceeding at which his bond was revoked.[3]  Without a record of the proceeding, we cannot
determine whether the evidence was legally sufficient to support revocation.  See McDonald v. State, 936 S.W.2d 734, 736
(Tex. App.CWaco
1997, no pet.) (recognizing that appellant who fails to present to the
appellate court a complete record of the trial court proceedings cannot show
legal insufficiency).

Appellant
has failed to demonstrate that the trial court=s revocation of his bond violated his state or federal
constitutional due process rights. 
Accordingly, the trial court did not abuse its discretion in denying
habeas corpus relief with respect to his bond revocation.  We overrule appellant=s
first issue.

Refusal to Set New Bail








In
his second issue, appellant correctly asserts that even if the trial court
determined he violated a condition of his original bond, he is constitutionally
entitled to a new bond in a reasonable amount. 
See Tex. Const.
art. I, '
11 (providing that all prisoners shall be bailable unless for capital offenses
when the proof is evident); see also Tex.
Code Crim. Proc. Ann. art. 1.07 (Vernon 1977) (mirroring Tex. Const. art. I, '
11); Tex Code Crim. Proc. Ann.
art. 17.09 ' 3 (allowing trial court to revoke bond for good and sufficient
cause, order the defendant rearrested, and require new bond).  The State concedes that appellant is
constitutionally entitled to bail, and remand is appropriate for the trial
court to set a new reasonable bond in light of appellant=s
conduct while released on the original bond. 
Accordingly, we conclude the trial court abused its discretion in
denying habeas corpus relief on the ground that appellant is constitutionally
entitled to a new bond.  We sustain
appellant=s second issue.

Conclusion

We
affirm the denial of habeas corpus relief with respect to revocation of
appellant=s bond.  We reverse the
denial of habeas corpus relief with respect to the trial court=s
refusal to set a new bond, and remand for the trial court to set a new bond.

 

PER CURIAM

 

 

Judgment rendered and Opinion filed April
17, 2003.

Panel consists of Chief Justice Brister
and Justices Fowler and Edelman. (Edelman, J. concurs in the result only.)

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Appellent
filed this appeal in the name AAnthony
Joseph Marcantoni aka Jonathan David Samet,@
but uses both names at different times in his brief.  The indictment, relevant orders, and habeas
corpus application refer to Jonathan David Samet.  For clarity, testimony at the habeas corpus
hearing revealed his correct name is Anthony Joseph Marcantoni, and Jonathan
David Samet is an incorrect name he originally provided in the trial court.





[2]  Appellant
cites Smith in which we recognized that due process requires notice and
a reasonable opportunity to be heard before a trial court revokes an appeal
bond.  See 993 S.W.2d at
412.  However, appellant=s complaint is not lack of notice or a hearing before
his bond was revoked, but lack of notice that the trial court intended to
impose urinalysis as a bond condition and that failing a urinalysis could
result in revocation of bond.  





[3]  At the habeas
corpus hearing, the trial court granted the State=s
request that it take judicial notice of the entire file in appellant=s case. 
However, appellant has not included the record of the proceedings
imposing urinalysis or revoking the bond in the appellate record.