

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00189-CR

## EX PARTE JAMES EARL ROLLING, JR.

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court Nos. 24928, 24930, 25110

---

## MEMORANDUM OPINION

---

James Earl Rolling, Jr. appeals the denial of his application for writ of habeas corpus requesting a reduction in pre-trial bail. Because the trial court did not err in denying the application for writ of habeas corpus on the merits, the trial court's order is affirmed.

Rolling was indicted on three felony offenses, two charges of harassment by a person in a correctional facility and one charge of possession of a controlled substance, and appearance bonds were set for each offense. On February 23, 2011, the trial court signed an order increasing the bail in the controlled substance case, trial court case number 25110, from $15,000 to $150,000. Rolling presented a single "Application for

Writ of Habeas Corpus Seeking Bail Reduction" to the trial court for the three felony offenses. After a hearing, the trial court signed an order denying the application. On appeal, Rolling only complains about the increased amount of the bail set in the controlled substance case.

In one issue, Rolling contends the trial court abused its discretion in revoking a "valid bond," *i.e.* increasing his bail from $15,000 to $150,000, and thus, Rolling contends, he is restrained in his liberty. The burden of proof in a writ of habeas corpus is on the applicant. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). Further, in reviewing a trial court's ruling on a habeas claim, we must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet ref'd).

Citing article 17.09 of the Texas Code of Criminal Procedure, Rolling argues that once a defendant has given bail for his appearance in answer to a criminal charge, he is not to be required to give *another* bond for the same criminal action. TEX. CODE CRIM. PROC. ANN. art. 17.09, Sec. 2 (West Supp. 2011). Rolling is correct. However, that same article also provides that whenever the judge or magistrate in whose court the criminal action is pending finds that the bond is defective, excessive, or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, the judge or magistrate may order the defendant to be rearrested, and require him to

give another bond in an amount the judge or magistrate deems proper. *Id*. Sec. 3. No precise standard exists for determining "good and sufficient cause" under this article. *Miller v. State*, 855 S.W.2d 92, 93-94 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

On the record, the trial court gave the following reasons for his increase in Rolling's amount of bail.

> … I determined that the bond was too low in the interest of public safety. It came to my attention that he'd been arrested again. It was previously discussed up here the number of outstanding cases that Mr. Rolling has at the time when we were dealing with the attorneys and substituting counsel and things of that nature…but it appeared as if Mr. Rolling had three or four felony cases that were pending in the county court at law.
> And it appeared to be as if every time he was released on bail, before the sun arose the next day he was arrested…. And it was my belief that Mr. Rolling was a danger to the community and a danger to himself and that the bond that was set on him was insufficient.

The trial court then gave Rolling a hearing on reducing the bail amount.

Rolling's mother testified that Rolling was 34 years old and had been in trouble beginning when he was 15 years old. She also stated that Rolling had been out in the free world for a total of three years since then. She acknowledged that Rolling had an alcohol problem and eventually acknowledged that she had called the police when she caught Rolling smoking a cigarette dipped in PCP. She admitted she had heard that Rolling had been arrested many times for PCP, but that this was the first time she had seen him using it.

Justin Lehman, a Huntsville police officer, testified that he had dealt with Rolling on numerous occasions, several of which Rolling was under the influence of alcohol or under the influence of PCP. Lehman testified that when Rolling is under the influence of those substances, Rolling is a danger to society. He also stated that Rolling is violent when under the influence of PCP.

After the hearing, the trial court stated on the record,

> … his true track record shows that he's not going to stop drinking or using PCP…. I mean, I've had him in this courtroom on several occasions and the next thing I hear, he's locked up again. I mean, what's going to stop him from getting out of here and hitting the street smoking dope, and/or getting drunk?
>
> ***
>
> …Too many times I've seen him in this court…. But the problem is, he won't stop. If I put him out on the street, he's going to be back in jail again and he's going to make another little $5,000 or $1,000 bond and then before the sun rises, he's going to be back in jail.

When the trial court asked counsel how many cases Rolling had in the county court at law, counsel replied that he was appointed on 14 filed and three unfiled misdemeanor charges. Counsel also stated that Rolling had three filed and one unfiled felony charges. The Court wondered, "How many opportunities do I give James? And what—what do I say to myself and everybody else if I were to let him out of jail today on those $15,000 bonds and then tomorrow I pick up the newspaper and James has gone nuts like people do when they are smoking PCP and kill some police officer around here. Then he's going to be looking at capital murder." The trial court then held it would not alter the $150,000 bail amount.

After reviewing this record in the light most favorable to the trial court's ruling, we find the trial court did not abuse its discretion by increasing Rolling's bail pursuant to article 17.09, section 3 of the Texas Code of Criminal Procedure and thus, did not abuse its discretion in denying Rolling's writ application.[1] *See Ex parte Moore*, No. 08-08-00259-CR, 2010 Tex. App. LEXIS 7014 (Tex. App.—El Paso, Aug. 25, 2010, no pet.) (mem. op.); *Griggs v. State*, No. 01-09-00115-CR, 2009 Tex. App. LEXIS 1936 (Tex. App.—Houston [1st Dist.], Mar. 18, 2009, no pet.) (mem. op.); *Miller v. State*, 855 S.W.2d 92 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Rolling does not argue on appeal that the amount of the bail set was excessive, only that the trial court erred in the act of "revoking" it. Thus, we express no opinion on the amount of the bail.

Rolling's sole issue is overruled and the trial court's order is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
Do not publish
[CR25]

---

[1] To the extent that Rolling also suggests that the trial court erred in not having a hearing when it initially increased Rolling's pre-trial bail, Rolling cites to no authority in support of this suggestion and as such is improperly briefed and presents nothing for review.