ACCEPTED
03-15-00104-CR
4372658
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/4/2015 3:11:53 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00104-CR

In the
Court of Appeals
for the
Third District of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/4/2015 3:11:53 PM

JEFFREY D. KYLE
Clerk

STEVEN HERNANDEZ,

*Appellant,*

v.

THE STATE OF TEXAS,

*Appellee.*

On Appeal from the 421st Judicial District Court of
Hays County, Texas
Cause No. CR-15-0015-HC

**BRIEF FOR APPELLANT**

E. Chevo Pastrano
State Bar No.: 24037240
The Pastrano Law Firm, P.C.
202 Travis Street, Ste. 307
Houston, Texas 77002
Telephone: (713) 222-1100
Facsimile: (832) 218-7114
Email: chevo@pastranolaw.com

Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## Identity of Parties and Counsel

### *Counsel for Appellant:*

E. Chevo Pastrano
State Bar No.: 24037240
The Pastrano Law Firm, P.C.
202 Travis, Ste. 307
Houston, Texas 77002
Telephone:  (713) 222-1100
Facsimile:   (832) 218-7114
Email: chevo@pastranolaw.com

### *Counsel for The State*

Mr. Wes Mau
Hays County District Attorney's Office
Hays County Government Center, Suite 2057
712 South Stagecoach Trail
San Marcos, Texas 78666
Telephone:  (512) 393-7600
Facsimile:   (512) 393-7619

# Table of Contents

**Page(s)**

Index of Authorities.................................................................................................4

Statement of the Case ............................................................................................5

Issues Presented.......................................................................................................6

Statement of Facts ...................................................................................................7

Summary of Arguments ...........................................................................................7

Point of Error Number One ......................................................................................8

THE TRIAL COURT ERRED WHEN IT RAISED AND CHANGED THE NATURE OF APPELLANT'S PERSONAL BOND IN AN *EX PARTE* HEARING ATTENDED BY THE STATE ONLY.

Point of Error Number Two ...................................................................................11

THE TRIAL COURT ERRED WHEN IT FAILED TO REINSTATE APPELLANT'S PERSONAL BOND ON THE CHARGE OF AGGRAVATED ROBBERY WHEN THE STATE WAS NOT READY FOR TRIAL WITHIN NINETY DAYS FROM THE COMMENCMENT OF HIS DETENTION AND NO MATERIAL CHANGE IN CIRCUMSTANCE OCCURRED REQUIRING AN INCREASE AND CHANGE OF THE NATURE OF APPELLANT'S PERSONAL BOND.

Prayer.....................................................................................................................17

Certificate of Service............................................................................................18

Certificate of Compliance......................................................................................18

# Index of Authorities

**Statutes**

Tex.Code.Crim.App. 17.09 (Vernon 2014)..............................................9, 12, 15, 16

Tex.Code.Crim.App. 17.151 (Vernon 2014).......5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

**Texas Cases**

*Ex Parte Castellano,*
   321 S.W.3d 760 (Tex.App.—Fort Worth 2010, no pet.)................................9, 13

*Ex Parte Gill*,
   413 S.W.3d 425 (Tex.Crim.App. 2013) ..................................5, 10, 13, 14, 15, 16

*Miller v. State*,
   855 S.W.2d 92 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd)....9, 10, 13, 14

## Statement of the Case

In this cause, Appellant contends that the 421st Judicial District Court of Hays County, Texas has rendered Article 17.151 of the Texas Code of Criminal Procedure and *Ex Parte Gill*, 413 S.W.3d 425 (Tex.Crim.App. 2013) useless. (RR III 8).

***On September 25, 2014, Appellant was booked into the Hays County Jail and charged with the felony offense of Aggravated Robbery.*** (CR 39) (emphasis added). On December 18, 2014, the trial court granted Appellant a personal bond as required by Article 17.151 of the Texas Code of Criminal Procedure because the State could not be ready for trial within 90 days. (CR 39).

***On January 6, 2015, a Hays County Grand Jury returned a true bill of indictment against the Appellant.*** (CR 39) (emphasis added). On January 7, 2015, the trial court held an *ex parte* hearing on the State's motion to increase bond, hearing only evidence of a true bill being returned and of Appellant's compliance with bond conditions. (CR 39).

On January 8, 2015, the trial court commenced a hearing on the Appellant's "Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Pursuant to Article 17.151." (CR 39-41). The trial court denied relief and entered findings of fact and conclusions of law. (CR 39-41). Appellant gave timely notice of appeal. (CR 44).

Appellant contends that he is entitled to be released from custody pursuant to Article 17.151 of the Texas Code of Criminal Procedure for the offense of Aggravated Robbery.

## Issues Presented

1. THE TRIAL COURT ERRED WHEN IT RAISED AND CHANGED THE NATURE OF APPELLANT'S PERSONAL BOND IN AN *EX PARTE* HEARING ATTENDED BY THE STATE ONLY.

2. THE TRIAL COURT ERRED WHEN IT FAILED TO REINSTATE APPELLANT'S PERSONAL BOND ON THE CHARGE OF AGGRAVATED ROBBERY WHEN THE STATE WAS NOT READY FOR TRIAL WITHIN NINETY DAYS FROM THE COMMENCMENT OF HIS DETENTION AND NO MATERIAL CHANGE IN CIRCUMSTANCE OCCURRED REQUIRING AN INCREASE AND CHANGE OF THE NATURE OF APPELLANT'S PERSONAL BOND.

## Statement of Facts

Appellant now stands charged by indictment with the offense of Aggravated Robbery. (CR 7). The indictment alleges that the offense occurred on or about September 21, 2014. (CR 7).

## Summary of Arguments

1. Appellant was originally arrested on September 25, 2014 and booked into the Hays County Jail for the offense of Aggravated Robbery. A Hays County Grand Jury returned a true bill indictment on January 6, 2015, *103 days after his arrest*.

2. The trial court correctly granted Appellant a personal bond on December 18, 2014 finding that the State could not be ready for trial within 90 days of Appellant's incarceration.

3. The trial court erred in holding an *ex parte* hearing on the State's motion to increase bond and, thereafter, raising Appellant's bond and changing the type of bond from a personal bond to a cash or surety bond. Appellant complied with all conditions of bond and this bond increase is not justified.

4. The trial court erred by denying the relief requested in the Appellant's "Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Pursuant to Article 17.151."

## Points of Error

**Point of Error Number One:**

THE TRIAL COURT ERRED WHEN IT RAISED AND CHANGED THE NATURE OF APPELLANT'S PERSONAL BOND IN AN *EX PARTE* HEARING ATTENDED BY THE STATE ONLY.

On September 25, 2014, [Appellant] was booked into the Hays County Jail on an arrest warrant for Aggravated Robbery, a First Degree Felony. (CR 39). His bond was set by Justice of the Peace Jo Anne Prado at $75,000. (CR 39).

On December 18, 2014, the [trial court] granted the [Appellant] a personal recognizance bond with conditions, including an ankle monitor and curfew as required by Texas Code of Criminal Procedure 17.151. (CR 39-40). A Grand Jury would not convene to hear the case before the [Appellant] was in custody for more than 90 days. (CR 39).

On January 6, 2015, the Grand Jury for Hays County "true billed" the above styled cause. (CR 39).

On January 7, 2015, the State filed a "Motion to Increase Bond" and a "Motion for Bond Conditions." The State asked for bond to be raised to $100,000. The [trial court] instead reinstated the bond to $75,000. The Court also granted the Motion for Bond Conditions in its entirety.

The trial court alleges in its findings of facts and conclusions of law that:

> "On January 7, 2015, the court found good and sufficient cause that the personal recognizance bond was insufficient, and reinstated a

8

$75,000 Surety Bond under It's authority under Texas Code of Criminal Procedure Article 17.09 Section 3 which states, 'Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody.'

The Court applied a fact by fact analysis as no precise standard exists for determining what constitutes "good and sufficient cause" under Texas Code of Criminal Procedure Article 17.09. *See Miller v. State, 855 S.W.2d 92, 93-94*.

The Court was within It's discretion under Texas Code of Criminal Procedure Article 17.09 when it reinstated Defendant's bail. After a defendant has been released on a personal recognizance bond statutorily required under Article 17.151, the Court can reset or reinstate a bond under Article 17.09 Section 3 even though it cannot under Article 17.151. *See Ex parte Castellano, 321 S.W.3d 760.*" (CR 40-41).

These conclusions of law would be righteous if they were actually based upon a fact by fact analysis. The record does not support these conclusions of law.

Nothing in the State's motion to increase bond or in the entire record of the *ex parte* hearing had on January 7, 2015 details a single fact other than the fact that Appellant was actually indicted 103 days after his initial incarceration. (CR 10-11) (RR II 4-6). The only other fact that was actually elicited at the January 7, 2015 *ex parte* hearing on the State's motion to increase bond was the fact that Appellant had been ***compliant with his bond conditions*** which included being monitored by a GPS ankle monitor. (RR II 5) (emphasis added).

9

The trial court abused its discretion by increasing Appellant's bond on January 7, 2015 during an *ex parte* hearing and, in doing so, rendered Article 17.151 of the Texas Code of Criminal Procedure and *Ex Parte Gill*, 413 S.W.3d 425 (Tex.Crim.App. 2013) wholly useless and pointless. The State has a responsibility to be ready for trial within 90 days of Appellant's initial incarceration. If the State cannot be ready within 90 days, Appellant is entitled to be released on a personal bond or a reasonable bond. After release, if the State has to do nothing more than to have Appellant indicted to warrant a bond increase, Article 17.151 and *Ex Parte Gill* serve no purpose whatsoever.

The trial court by and through findings and conclusions prepared by the State can attempt to justify what amounts to a 'hook up' in favor of the State by stating that it conducted a fact by fact analysis pursuant to *Miller v. State*, but the problem is that the facts weigh in favor of Appellant's argument that he was completely compliant with all bond conditions, including appearing in court on January 8, 2015 with less than 24 hours notice.

The trial court abused its discretion by holding an *ex parte* hearing on the State's motion to increase bond on January 7, 2015 and increasing Appellant's bond based on the fact that an indictment was returned 103 days after Appellant's initial detention and the fact that Appellant had been completely compliant with all bond conditions. Appellant's personal bond should be reinstated.

**Point of Error Two:**

THE TRIAL COURT ERRED WHEN IT FAILED TO REINSTATE APPELLANT'S PERSONAL BOND ON THE CHARGE OF AGGRAVATED ROBBERY WHEN THE STATE WAS NOT READY FOR TRIAL WITHIN NINETY DAYS FROM THE COMMENCMENT OF HIS DETENTION AND NO MATERIAL CHANGE IN CIRCUMSTANCE OCCURRED REQUIRING AN INCREASE AND CHANGE OF THE NATURE OF APPELLANT'S PERSONAL BOND.

On September 25, 2014, [Appellant] was booked into the Hays County Jail, on an arrest warrant for Aggravated Robbery, a First Degree Felony. (CR 39). His bond was set by Justice of the Peace Jo Anne Prado at $75,000. (CR 39).

On December 18, 2014, the [trial court] granted the [Appellant] a personal recognizance bond with conditions, including an ankle monitor and curfew as required by Texas Code of Criminal Procedure 17.151. (CR 39-40). A Grand Jury would not convene to hear the case before the [Appellant] was in custody for more than 90 days. (CR 39).

On January 6, 2015, the Grand Jury for Hays County "true billed" the above styled cause. (CR 39).

On January 7, 2015, the State filed a "Motion to Increase Bond" and a "Motion for Bond Conditions." The state asked for bond to be raised to $100,000. The [trial court] instead reinstated the bond to $75,000. The Court also granted the Motion for Bond Conditions in its entirety. (CR 39).

On January 8, 2015, the [Appellant] and [his] counsel appeared for a

11

hearing.  At this time they filed a motion entitled, "Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Set Pursuant to Article 17.151."  The trial court heard from both parties.  (CR 39).

During the hearing on January 8, 2015, the trial court heard from the State that the case had been True Billed.  The State introduced the Probable Cause affidavit associated with the case.  The State informed the Court that DNA from a shirt seen on the actor in a surveillance video of the offense was found behind a neighboring business the day of the robbery.  DNA results came back linking Steven Hernandez to that shirt.  The DPS Crime Lab issued the Supplemental DNA Laboratory Report on November 6, 2014.  (CR 40).

The trial court further found:

"Taking into account the fact the case had been indicted, the allegations in the probable cause affidavit, the DNA evidence, the threat to the victim of the crime, the threat to the community, the aggravating factors of the offense, and the likelihood of the [Appellant] appearing for trial, the Court denied relief."  (CR 40).

The trial court alleges in his findings of facts and conclusions of law that:

"On January 7, 2015, the court found good and sufficient cause that the personal recognizance bond was insufficient, and reinstated a $75,000 Surety Bond under It's authority under Texas Code of Criminal Procedure Article 17.09 Section 3 which states, 'Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or

12

magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody.'

The Court applied a fact by fact analysis as no precise standard exists for determining what constitutes "good and sufficient cause" under Texas Code of Criminal Procedure Article 17.09. *See Miller v. State, 855 S.W.2d 92, 93-94.*

The Court was within It's discretion under Texas Code of Criminal Procedure Article 17.09 when it reinstated Defendant's bail. After a defendant has been released on a personal recognizance bond statutorily required under Article 17.151, the Court can reset or reinstate a bond under Article 17.09 Section 3 even though it cannot under Article 17.151. *See Ex parte Castellano, 321 S.W.3d 760.*" (CR 40-41).

These conclusions of law would be righteous if they were actually based upon a fact by fact analysis. The record does not support these conclusions of law.

Nothing in the State's motion to increase bond or in the entire record of the *ex parte* hearing had on January 7, 2015 details a single fact other than the fact that Appellant was actually indicted 103 days after his initial incarceration. (CR 10-11) (RR II 4-6). The only other fact that was actually elicited at the January 7, 2015 *ex parte* hearing on the State's motion to increase bond was the fact that Appellant had been ***compliant with his bond conditions*** which included being monitored by a GPS ankle monitor. (RR II 5) (emphasis added).

The trial court abused its discretion by increasing Appellant's bond on January 7, 2015 during an *ex parte* hearing and, in doing so, rendered Article 17.151 of the Texas Code of Criminal Procedure and *Ex Parte Gill*, 413 S.W.3d

13

425 (Tex.Crim.App. 2013) wholly useless and pointless. The State has a responsibility to be ready for trial within 90 days of Appellant's initial incarceration. If the State cannot be ready within 90 days, Appellant is entitled to be released on a personal bond or a reasonable bond. After release, if the State has to do nothing more than to have Appellant indicted to warrant a bond increase, Article 17.151 and *Ex Parte Gill* serve no purpose whatsoever.

The trial court by and through findings and conclusions prepared by the State can attempt to justify what amounts to a 'hook up' in favor of the State by stating that it conducted a fact by fact analysis pursuant to *Miller v. State*, but the problem is that all the facts weigh in favor of Appellant's argument that he was completely compliant with all bond conditions, including appearing in court on January 8, 2015 with less than 24 hours notice.

The trial court abused its discretion by holding an *ex parte* hearing on the State's motion to increase bond on January 7, 2015 and increasing Appellant's bond based on the fact that an indictment was returned 103 days after Appellant's initial detention and the fact that Appellant had been completely compliant with all bond conditions. Appellant's personal bond should be reinstated.

Moreover, the trial court alleges in its findings of facts prepared by the State: "Taking into account the fact (1) the case had been indicted, (2) the allegations in the probable cause affidavit, (3) the DNA evidence, (4) the threat to the victim of

14

the crime, (5) the threat to the community, (6) the aggravating factors of the offense, and (7) the likelihood of the [Appellant] appearing for trial, the Court denied [relief]." (CR 40).

If indicting a case 103 days after a defendant's initial incarceration amounts to a fact that allows for a bond increase pursuant to Article 17.09 of the Texas Code of Criminal Procedure, Article 17.151 and *Ex Parte Gill* are useless and pointless.

The allegations in the probable cause affidavit were considered when the original bond was set and when the personal bond was granted. (RR II 18-19).

The State sat on DNA evidence, which was reported by DPS on November 6, 2014. The ultimate use of this DNA evidence 60 days later does not amount to a new fact requiring a bond increase pursuant to Article 17.09 of the Texas Code of Criminal Procedure. Moreover, if the standard is that the trial court is presented with new evidence, like this DNA evidence, and that amounts to new evidence warranting a bond increase pursuant to Article 17.09, then there is no effective remedy for the State sitting on their hands for over 100 days and failing to indict a case. The defendant will always be re-arrested because a trial court is rarely, if ever, in a position to have heard any of the evidence in a case until after indictment. The State's file will almost always be new to the trial court the day after a true bill.

***When Article 17.151 is implicated, a trial court is not permitted to consider the safety of the victim and/or community and/or aggravating circumstances.*** *Ex Parte Gill*, 413 S.W.3d 425, 430 (Tex.Crim.App. 2013) (emphasis added).

Finally, the evidence related to the Appellant's likelihood of appearing for trial weighs in favor of the Appellant. After the trial court increased Appellant's bond on January 7, 2015, the Appellant appeared voluntarily with less than 24 hours notice on January 8, 2015 for a contested hearing on the bond issue. Appellant made this appearance on January 8, 2015 after the trial court had already increased his bond on January 7, 2015.

The trial court's attempt to justify his bond increase as an increase pursuant to Article 17.09 on a fact by fact basis is disingenuous. When the bond was increased on January 7, 2015, the trial court had two facts before it: (1) a grand jury returned a true bill and (2) the Appellant was compliant with bond conditions. The trial court's increase of Appellant's bond on January 7, 2015 and denial of relief requested on January 8, 2015 amounted to nothing more than a 'hook up' in favor of the State who failed to seek an indictment within 90 days of Appellant's initial incarceration and sat on DNA evidence it received in November of 2014. In doing so, the trial court rendered Article 17.151 and *Ex Parte Gill* pointless, because the State has to do nothing more than have a true bill returned and request a bond increase rubber stamp. The Appellant's personal bond should be reinstated.

16

## **PRAYER**

Appellant respectfully asks this Court to sustain his points of error and to reverse the order of the trial court and reinstate his personal bond in the amount of $25,000 with the conditions originally imposed (GPS monitoring and curfew).

Respectfully submitted,

THE PASTRANO LAW FIRM, P.C.
The Old Cotton Exchange Building
202 Travis Street, Suite 307
Houston, Texas 77002
Telephone:  713.222.1100
Facsimile:   832.218.7114

By:_____
E. CHEVO PASTRANO
State Bar No. 24037240
chevo@pastranolaw.com

ATTORNEY FOR APPELLANT

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel, listed below, by facsimile, electronic transmission or hand-delivery, in accordance with Rule 9.5 of the Texas Rules on Appellate Procedure, on this the 4th day of March, 2015.

Mr. Wes Mau
Hays County District Attorney's Office
Hays County Government Center, Suite 2057
712 South Stagecoach Trail
San Marcos, Texas 78666
Telephone: (512) 393-7600
Facsimile: (512) 393-7619

_____
E. CHEVO PASTRANO


## Certificate of Compliance

I hereby certify, pursuant to Rule 9.4 (i) (2) (B) and rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure that the instant brief is computer-generated using Microsoft Word for Mac and said computer program has identified that there are 3000 words within the portions of this brief required to be counted by Rule 9.4 (i) (1) & (2) of the Texas Rules of Appellate Procedure.

The document was prepared in proportionally spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

_____
E. CHEVO PASTRANO