

IN THE
TENTH COURT OF APPEALS

No. 10-15-00374-CR
No. 10-15-00375-CR

AUSTIN FOWLER SCHOPPE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No. 2
Johnson County, Texas
Trial Court Nos. M201401111 and M201401252

MEMORANDUM  OPINION

Appellant Austin Fowler Schoppe pleaded guilty to possession of marijuana in an amount of two ounces or less and to unlawful carrying of a weapon.  The trial court deferred adjudications of guilt, placed Schoppe on community supervision for two years, and imposed a $1,000 fine in each case.  The State subsequently moved to proceed to adjudications of guilt, alleging that Schoppe violated several conditions of his community supervision.  The trial court held an evidentiary hearing and then found that Schoppe

violated several conditions of his community supervision. Accordingly, the trial court adjudicated Schoppe guilty of both offenses and sentenced him to forty-five days' confinement in county jail on the possession-of-marijuana charge and to 180 days' confinement, probated for one year, with thirty days' confinement in county jail as a condition of community supervision, and a $1,000 fine on the unlawful-carrying-of-a-weapon charge. These appeals ensued.

In his first six issues in each appeal, Schoppe contends that the trial court abused its discretion in finding that he violated the conditions of his community supervision and in therefore proceeding to adjudications of guilt. The decision to proceed to an adjudication of guilt and to revoke deferred-adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016).

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763-64. The trial court is the sole judge of the credibility of the witnesses and the weight to be

given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). Proof by a preponderance of the evidence of any one alleged violation is sufficient to revoke community supervision and adjudicate guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))).

Schoppe specifically contends in his second issue in each appeal that the trial court abused its discretion in finding that he violated the second condition of his community supervision by consuming alcohol.[1] We disagree.

The following evidence was presented at the hearing on the motions to proceed to adjudications of guilt. The trial court first took judicial notice of the judgment, including the terms and conditions of community supervision, contained in its file of each case. The judgments show that Schoppe's two years of community supervision commenced on January 22, 2015. The second condition of Schoppe's community supervision in each case

---

[1] In its first amended motions to proceed to adjudications of guilt, the State alleged that Schoppe violated the second condition of his community supervision on or about March 14, 2015, by using alcohol, as evidenced by his admission to a DPS officer that he had consumed alcohol. After the evidentiary hearing, the trial court found that Schoppe "drank alcoholic beverages, as evidenced by his admission to Trooper Hampton" and concluded that Schoppe violated the second condition of his community supervision in both cases by failing to abstain from the use of alcoholic beverages. The trial court found the State's allegation in its motions to be true by a preponderance of the evidence.

provided: "Avoid injurious or vicious habits and totally abstain from the use of alcoholic beverages or the illegal use of controlled substances."

Texas Department of Public Safety Trooper Aaron Hampton then testified that on March 14, 2015, at about 3 a.m., he was on the southbound side of the Dallas North Tollway around the Mockingbird Lane exit when he noticed a vehicle, later determined to be driven by Schoppe, approaching him from behind. Schoppe appeared to be speeding, so Hampton used the radar to verify the vehicle's speed. The vehicle was, in fact, exceeding the 65 mph speed limit. Hampton determined that Schoppe had committed a traffic violation, so he let the vehicle pass him and then moved behind the vehicle to make a traffic stop. When the vehicle passed him, Hampton checked the radar again, which showed the vehicle to be traveling at 77 mph. The vehicle was also "kind of veering from side to side," which caused Hampton to suspect that Schoppe might be intoxicated.

Hampton testified that he turned on his overhead lights to make the traffic stop, and Schoppe pulled over onto the right shoulder of the road. It was not a safe location, so Hampton used the patrol car's PA system to instruct Schoppe to take the next exit. Schoppe complied. As Hampton continued to follow the vehicle, Schoppe "just kind of rolled through" a red light, failed to stop at a crosswalk, and failed to use his turn signal.

Hampton testified that when Schoppe stopped again, Hampton got out of his patrol car and approached the vehicle. Hampton noticed a sticker on the vehicle

"indicating hunting or something with guns." This caused Hampton to believe that Schoppe might have a weapon in the vehicle, which was later determined to be true, so Hampton stopped at the rear bumper and called Schoppe to the back of the vehicle. Schoppe complied. According to Hampton, Schoppe "had a deer in the headlights look." Hampton also smelled the odor of alcohol and noticed that Schoppe had hazy, droopy eyes. At some point, Hampton asked Schoppe if he had been drinking. Hampton stated that Schoppe admitted that he had had two glasses of wine and one beer. Hampton eventually arrested Schoppe for driving while intoxicated and for unlawful carrying of a weapon. The Dallas County District Attorney, however, filed motions to dismiss the cases, which were granted.

Schoppe argues that the trial court abused its discretion in finding that he violated the second condition of his community supervision by consuming alcohol because the trial court found that he did not violate the first condition of his community supervision by driving while intoxicated. The first condition of Schoppe's community supervision in each case provided: "Commit no offense against the laws of this State or any other State or of the United States…(report any arrest including traffic tickets within ten days to the Supervision Officer.)." In its first amended motions to proceed to adjudications of guilt, the State alleged that Schoppe violated this first condition on or about March 14, 2015, when he "committed a new offense to-wit: Driving While Intoxicated 2nd, in Dallas County." After the hearing on the motions, the trial court found the allegation to be "not

true."

Schoppe asserts that this was the State's primary allegation in these matters. Although Schoppe acknowledges that the trial court was silent about its reasoning for the finding, he argues that the "only valid reason" for the finding is that the trial court "suppressed" Schoppe's blood test results because Hampton was not "credible enough" to uphold his search-warrant affidavit and that the trial court disregarded Hampton's opinion about Schoppe's performance on the various field-sobriety tests and his opinion that he had probable cause to arrest Schoppe based on his loss of the normal use of his mental and physical faculties. Schoppe states that Hampton therefore had no legal authority to do more than write him a speeding ticket and that "[i]t is unreasonable to use [Schoppe's] admission to revoke [community supervision] while at the same time suppress the DWI allegation."

To prove that Schoppe violated the second condition of his community supervision, the State had to show only that Schoppe did not "totally abstain from the use of alcoholic beverages." In other words, to prove that Schoppe violated the second condition of his community supervision, the State had to show only that Schoppe used alcoholic beverages while on community supervision. The State did not have to prove that Schoppe was intoxicated or that he had committed the offense of DWI, as was required to show that Schoppe violated the first condition of his community supervision.

Here, Hampton testified that on March 14, 2015, Schoppe admitted that he had

had two glasses of wine and one beer. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony; therefore, the trial court was free to believe Hampton's testimony about Schoppe's admission, regardless of whether it believed Hampton's other testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (as "sole judge of a witness's credibility, and the weight to be given the testimony," the fact-finder "may choose to believe some testimony and disbelieve other testimony"). The trial court did not therefore abuse its discretion in finding that Schoppe violated the second condition of his community supervision by consuming alcohol even though it also found that Schoppe did not commit the offense of DWI and did not violate the first condition of his community supervision. Furthermore, as stated above, proof by a preponderance of the evidence of any one alleged violation is sufficient to revoke community supervision and adjudicate guilt. *Smith*, 286 S.W.3d at 342. Accordingly, we overrule Schoppe's first six issues in each appeal.

In his seventh issue in each appeal, Schoppe contends that he was denied due process because the trial court demonstrated bias in various rulings. Schoppe does not cite, nor have we found, anywhere in the record where he made a request, objection, or motion based on the trial court's alleged bias. *See* TEX. R. APP. P. 33.1(a). Nevertheless, we need not decide whether this issue must be preserved for review; we conclude that the record does not reflect bias or partiality. *See Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (declining to decide whether objection is required to preserve

error of this nature and instead holding that record did not reflect partiality of trial court).

"Due process requires a neutral and detached hearing body or officer." *Id.* at 645 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973)). Schoppe asserts that the trial court was biased because it found his bonds insufficient on three separate occasions and increased the new bond amounts. Schoppe argues that the bonds were not held insufficient in compliance with the Code of Criminal Procedure and that there is "no conceivable justification in law" for the appearance bonds required from the date of the first bond forfeiture through revocation to total $95,000 for two misdemeanor cases. Schoppe conclusorily asserts that the trial court also set his appeal bond at $30,000 in each case and that "the total of $60,000 for two misdemeanor appeal bonds is either outrageous on its face or designed to chill [him] from exercising his right to appeal, or both."

The record indicates that the trial court repeatedly found Schoppe's bonds insufficient and increased the new bond amounts because Schoppe repeatedly violated his bond conditions. The record shows that, in August 2015, the trial court received a report of a bond violation, stating that, among other things, in June 2015 Schoppe submitted a high breath-alcohol content and failed to submit the required subsequent tests to confirm alcohol use and, in July 2015, Schoppe attempted to remove his interlock device without authorization. At that point, the trial court found Schoppe's bond insufficient and increased it to $15,000 in each case. In September 2015, the trial court

then received another report of a bond violation, stating that Schoppe verbally admitted to driving a vehicle without an interlock device even though he was aware that he was only to operate vehicles equipped with an interlock device. The trial court therefore again found Schoppe's bond insufficient and increased it to $20,000 in each case.

Schoppe argues that the bonds were not held insufficient in compliance with article 16.16 of the Code of Criminal Procedure because there were no affidavits submitted to the trial court to support the alleged violations.[2] Article 16.16, however, is not applicable to these cases; it applies to defective bonds before the filing of the charging instrument. Instead, the applicable statute is article 17.09, which states:

> Sec. 2. When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.
>
> Sec. 3. Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody.

---

[2] Article 16.16 states:

> Where it is made to appear by affidavit to a judge of the Court of Criminal Appeals, a justice of a court of appeals, or to a judge of the district or county court, that the bail taken in any case is insufficient in amount, or that the sureties are not good for the amount, or that the bond is for any reason defective or insufficient, such judge shall issue a warrant of arrest, and require of the defendant sufficient bond and security, according to the nature of the case.

TEX. CODE CRIM. PROC. ANN. art. 16.16 (West 2015).

*Id.* art. 17.09 (West 2015).  It is within the trial court's discretion to increase bail.  *Miller v. State*, 855 S.W.2d 92, 93 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).  And no precise standard exists for determining what constitutes "good and sufficient cause" under article 17.09.  *Id.* at 93-94.

Our review of the entire record does not reveal a clear showing of bias or partiality.  "Absent a clear showing of bias, a trial court's actions will be presumed to have been correct."  *Brumit*, 206 S.W.3d at 645.  We therefore conclude that Schoppe was not denied due process.  Accordingly, we overrule Schoppe's seventh issues in each appeal.

Having overruled all of Schoppe's issues in these appeals, we affirm the trial court's judgments.


                                                    REX D. DAVIS
                                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2016
Do not publish
[CR25]

