ACCEPTED
03-15-00104-CR
4724877
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 11:23:55 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00104-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 11:23:55 AM
JEFFREY D. KYLE
Clerk

STEVEN HERNANDEZ,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM

THE 421ST JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. CR-15-0015-HC

STATE'S BRIEF

ORAL ARGUMENT
REQUESTED

Wesley H. Mau
Hays County Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 00784539
Attorney for the State of Texas

## NAMES OF PARTIES

Appellee:                    State of Texas

Attorneys for the State:     Wesley Mau, Hays County Criminal District Attorney
   At trial:                 Katie McVaney, Assistant Criminal District Attorney
   On appeal:                Wesley Mau
                             Criminal District Attorney
                             712 S. Stagecoach Trail, Suite 2057
                             San Marcos, Texas 78666
                             State Bar No. 00784539
                             Attorney for the State of Texas


Appellant:                   Steven Hernandez

Attorney:
   At trial:                 E. Chevo Pastrano

   On appeal:                E. Chevo Pastrano
                             The Pastrano Law Firm
                             202 Travis St., Ste. 307
                             Houston, Texas 77002

# TABLE OF CONTENTS

**NAMES OF PARTIES** ..........................................................................................II

**TABLE OF CONTENTS** .....................................................................................III

**INDEX OF AUTHORITIES** ............................................................................. IV

**ISSUES PRESENTED** .........................................................................................2

**STATEMENT REGARDING ORAL ARGUMENT** ........................................2

**STATEMENT OF FACTS** ...................................................................................2

**SUMMARY OF THE ARGUMENT** ..................................................................4

**ARGUMENT** .........................................................................................................5

  **STATE'S RESPONSE TO POINT OF ERROR ONE** .....................................5
    APPELLANT HAS FAILED TO PRESERVE FOR REVIEW ANY COMPLAINT
    ABOUT THE JANUARY 7 BOND HEARING.

     *1. Appellant's brief is inadequate to preserve this issue on
       appeal.* .................................................................................................5
     *2. Appellant has had a hearing on the bond increase.* ...................................6

  **STATE'S RESPONSE TO POINT OF ERROR TWO** .....................................8
    THE TRIAL COURT DID NOT ERR IN RELEASING APPELLANT UNDER THE
    PROVISION OF ART. 17.151, THEN LATER INCREASING BOND UNDER
    ART. 17.15 FOR GOOD AND SUFFICIENT CAUSE.

**CONCLUSION** ....................................................................................................12

**PRAYER** .............................................................................................................13

**CERTIFICATE OF COMPLIANCE WITH TEX.R.APP.PROC.,
RULE 9.4** ..............................................................................................................13

**CERTIFICATE OF SERVICE** ........................................................................14

# INDEX OF AUTHORITIES

**CASES**

*Busby v. State*, 253 S.W.3d 661 (Tex.Crim.App. 2008) ...............................................6

*Ex parte Castellano*, 321 S.W.3d 760 (Tex. App.—Fort Worth

2010, no pet.) .............................................................................................................9

*Ex Parte Gill*, 413 S.W.3d 425 (Tex. Crim. App. 2013) ........................................9, 11

*Ex parte McNeil*, 772 S.W.2d 488 (Tex. App.—Houston [1st

Dist.] 1989, no pet.) ...................................................................................................9

*Miller v. State*, 855 S.W.2d 92 (Tex. App. 1993) ........................................................8

*Roberson v. State*, 16 S.W.3d 156 (Tex. App.—Austin, 2000) .................................10

**STATUTES**

TEX. CODE CRIM. PROC., art 38.43 .......................................................................10

TEX. CODE CRIM. PROC., art. 17.09 ...............................................................passim

TEX. CODE CRIM. PROC., art. 17.15 ..................................................................3, 8

TEX. CODE CRIM. PROC., art. 17.151 .............................................................passim

TEX.R.APP.PROC. Rule 38.2 .......................................................................................2

TEX.R.APP.PROC., Rule 38.1 ......................................................................................6

NO. 03-15-00104-CR

COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

STEVEN HERNANDEZ,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM

THE 421ST JUDICIAL DISTRICT COURT

HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. CR-15-0015-HC

STATE'S BRIEF

TO THE HONORABLE JUSTICE OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Criminal District Attorney, Wesley H. Mau, and files this Brief in Opposition to Appellant's Brief pursuant to Tex. R. App. Proc., Rule 38.2 and would show the Court the following:

## ISSUES PRESENTED

Having once reduced a defendant's bond under Tex. Code Crim. Proc.,[1] art. 17.151, is a judge prohibited ever after from finding "good and sufficient cause" to increase the bond under article 17.09 if the court finds the bond to be insufficient in amount?

## STATEMENT REGARDING ORAL ARGUMENT

The State recommends oral argument in this case. The case involves interpretation of the statutory language of articles 17.09 and 17.151, which may be harmonized in multiple ways or which may conflict in ways the Court must resolve. A dialogue between the parties and the Court would assist the Court in answering unanticipated questions or hypothetical situations of concern to the Court.

## STATEMENT OF FACTS

Appellant was arrested for Aggravated Robbery on September 25, 2014, and a $75,000 bond was set. CR[2] 39. On December 18, 2014, Appellant was granted a personal bond under article 17.151, as Appellant's case was unindicted and the next grand jury would not meet until after the 90th day of his detention. CR 39.

---

[1] All article numbers throughout this brief represent references to articles in the Texas Code of Criminal Procedure, except where otherwise noted.

[2] CR refers to the Clerk's Record, Vol. 1 of 1.

Appellant was indicted on January 6, 2015. CR 7. On that date, the State filed its Motion to Increase Bond, invoking both articles 17.15 and 17.09, §3. CR 10. That same day, the trial court found that Appellant's bond was "insufficient in amount" and that "good and sufficient cause exist[ed] to increase the amount of the bond." CR 13. Bond was reset at $75,000. CR 13.

The next day, January 8, 2015, Appellant filed *Defendant's Objection to the State's Presentation of Her Motion to Increase Bond Ex Parte*.[3] CR 14. Appellant's counsel appeared in court the same day, and the trial court acknowledged the filing of the *Objection*. 3 RR 5.[4] During that hearing, Appellant also filed his *Application for Writ of Habeas Corpus Seeking Bail Reduction and/or Reinstatement of Bail Set Pursuant to Article 17.151*.[5] 3 RR 11, CR 33.

During this January 8 hearing, the court learned that DNA testing unavailable at the time of the initial bond setting had linked Appellant to a shirt seen on the robber in a surveillance video of the crime. CR 40. The trial court denied the application, citing the following factors:

> … the fact the case had been indicted, the allegations in the probable cause affidavit, the DNA evidence, the threat to the victim of the crime,

---

[3] Hereafter, "*Objection*."
[4] Referenced to the Reporter's Record indicate the volume number, "RR," then the page number of the volume referenced.
[5] Hereafter, "*Application*." No further mention of the *Objection* was made prior to the trial court's overruling the *Objection* at the end of the hearing. 3 RR 23.

the threat to the community, the aggravating factors of the offense, and the likelihood of the defendant appearing for trial.

CR40-41.

# SUMMARY OF THE ARGUMENT

## 1. *Point One*

Appellant argues that the facts did not justify a bond increase, but his brief provides no argument as to why the trial judge could not have made such a ruling *ex parte,* so his first Point of Error is not preserved for review. Even if an *ex parte* ruling on the State's Motion to Increase Bond were improper, Appellant was heard on the issue the following day, so he cannot show harm.

## 2. *Point Two*

Article 17.09, §3, authorizes a judge to order a defendant to be rearrested and to post a new bond for any good and sufficient cause. Article 17.151 requires release of a defendant if the State is not ready for trial on the charge for which he is detained within 90 days. When the State *is* ready for trial, and the trial court determines good and sufficient cause exists to increase bond under article 17.09, then article 17.151 does not prohibit the court from increasing bond to and amount deemed proper.

# ARGUMENT

## STATE'S RESPONSE TO POINT OF ERROR ONE
APPELLANT HAS FAILED TO PRESERVE FOR REVIEW ANY COMPLAINT ABOUT THE JANUARY 7 BOND HEARING.

### 1. *Appellant's brief is inadequate to preserve this issue on appeal.*

Appellant's first point of error complains in its heading that "the trial court erred when it raised and changed the nature of Appellant's personal bond in an *ex parte* hearing attended by the state only." App.Brf., p.8. This issue has not been preserved for appeal, as Appellant has not adequately briefed the issue.

Appellant filed his *Objection*. CR 14-16. Although the court acknowledged the filed objection at the hearing on January 8, 2015, Appellant's counsel immediately filed his *Application* and never urged his *Objection*. During the discussions on the record, Appellant never asked the court to rescind the bond increase as a result of it having been done *ex parte*. Instead, his arguments related only to whether the court should have increased the bond.

Likewise on appeal, Appellant's "Point of Error Number One" (Point One) is difficult to distinguish from his "Point of Error Two" (Point Two). In fact, every

sentence of Point One is duplicated word-for-word in Point Two.[6] The only difference is that Point One contains no reference to the January 8 writ hearing.

In Appellant's first Point of Error, he urges this Court to hold that:

> The trial court abused its discretion by holding an *ex parte* hearing on the State's motion to increase bond on January 7, 2015 and increasing Appellant's bond based on the fact that an indictment was returned 103 days after Appellant's initial detention and the fact that Appellant had been completely compliant with all bond conditions.

App.Brf., p.10. He provides no argument or authority for the proposition that the trial court was not permitted to render that holding *ex parte*, he only argues that the ruling was incorrect based on the same arguments he makes in Point Two. Texas Rules of Appellate Procedure, Rule 38.1(i) states, "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Appellant's brief contains no "appropriate citations to authorities and to the record" which might justify a holding that the trial court had no authority to set bond *ex parte*. *See also, Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).

### 2. *Appellant has had a hearing on the bond increase.*

While Appellant does not raise this issue on appeal, his *Objection* complains that "Nothing in the State's motion shows the need for an immediate, *ex parte* hearing without giving the Defense the benefit to be present to object and contest the

---

[6] The first four paragraphs of Point One are reproduced as the first four paragraphs of Point Two. The entire remainder of Point One is repeated verbatim in the body of Point Two starting on page 12 and continuing through page 14.

State's motion to increase bond." CR 15. The *Objection* does not specify whether this is a due process complaint or otherwise, but in any case, Appellant was heard on the bond issue the day following the filing of the State's Motion to Increase Bond, which was prior to his re-arrest.[7] Any dispute as to the court's authority to raise bond in Appellant's absence was rendered moot by the contested hearing in Appellant's presence the following day prior to any action being taken to enforce the new bond.

Appellant's entire argument as to Point One relates to the correctness of the trial court's ruling, not the procedure by which the issue was heard. Since the arguments in Point One are also entirely subsumed into Appellant's argument as to Point Two, Point One should be overruled as inadequately briefed, or alternatively, because the propriety of an *ex parte* bond increase was rendered moot by virtue of the contested hearing which occurred the following day.

---

[7] While the record is not crystal clear on what happened between the court's granting the bond increase on January 7 and the hearing on January 8, Appellant's counsel represented at the writ hearing that "you have every reason in the world to believe…that he's gonna show up to court, like he did today with less than 24-hours notice." 3 RR 16. If Appellant showed up on his own, he was clearly not in custody prior to the hearing.

**STATE'S RESPONSE TO POINT OF ERROR TWO**
THE TRIAL COURT DID NOT ERR IN RELEASING APPELLANT UNDER THE PROVISION OF ART. 17.151, THEN LATER INCREASING BOND UNDER ART. 17.15 FOR GOOD AND SUFFICIENT CAUSE.

Appellant urges this Court to hold that a defendant's bond may not be modified or increased under art. 17.09 if the defendant has previously received a bond reduction pursuant to art. 17.151.

Generally, once bond is set in a felony case, it is within the trial court's discretion to increase the bail set if the court "finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause." art. 17.09; *Miller v. State*, 855 S.W.2d 92, 93 (Tex. App.—Houston [14th Dist.] 1993). Each case must be reviewed on a fact-by-fact basis, as no precise standard exists for determining what constitutes "good and sufficient cause" under Article 17.09. *Id.,* at 94.

In most felony cases, a defendant who is in jail on pending charges for more than 90 days is entitled to be released on personal bond or by reducing the bail amount if the state is not ready for trial. Art. 17.151, §1(1). Under such circumstances, the Court of Criminal Appeals has stated that "[c]onditioning release under article 17.151 on matters such as victim-or community-safety concerns deprives the statute of any meaning apart from article 17.15 and potentially frustrates

article 17.151's clear intent." *Ex Parte Gill*, 413 S.W.3d 425, 430 (Tex. Crim. App. 2013).

The State cannot announce ready for trial when there is no indictment. *Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex. App.—Houston [1st Dist.] 1989, no pet.). The Fort Worth Court of Appeals has further found that Article 17.151 "does not permit the State to obtain an indictment, rearrest [a defendant,] and begin the ninety day period anew from the date of the indictment or rearrest." *Ex parte Castellano*, 321 S.W.3d 760, 764 (Tex. App.—Fort Worth 2010, no pet.)

But the *Castellano* court disagreed with the notion that a trial court may *never* revoke a bond after having released the defendant pursuant to article 17.151. *Id.*, at 764. Instead, the court noted that even in the context of a 17.151 release,

> Code of Criminal Procedure article 17.09, section 3 permits a judge or magistrate who "finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause" to "order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper."

*Id.* In *Castellano*, art 17.09, §3, was not invoked, leaving open the question of "whether the return of the felony indictment [in the case] was an event constituting 'good and sufficient cause' under article 17.09, section 3 (and thus possibly supporting the trial court's denial of relief on that ground)." *Id.*

Here, the State explicitly invoked art. 17.09, §3, in its Motion to Increase Bond. CR 10. The State pointed out to not only that an indictment had been filed, but that after the initial bond setting, the State obtained DNA results corroborating Appellant's guilt.

Appellant's brief supposes that obtaining DNA results and an indictment are not significant factors warranting a bond increase. App.Brf., p.15. His opinion denigrating the significance of DNA evidence is not shared by the Legislature. *See* art. 38.43 (requiring DNA testing on all biological evidence before a death penalty case may proceed to trial); and art. 64.03 (recognizing that DNA results may be enough to exculpate even defendants found guilty beyond a reasonable doubt). This Court, too, has recognized that

> "no other technique has been as potentially valuable to the criminal justice system." … DNA evidence has been called the "single greatest advance in the 'search for the truth' ... since the advent of cross-examination."

*Roberson v. State*, 16 S.W.3d 156, 165 (Tex. App.—Austin, 2000)(citations omitted).

Appellant's suggestion that the State "sat on" the DNA evidence until after the indictment mischaracterizes the situation. Appellant's bond was originally set after his arrest on September 25, 2014. The DNA results were unavailable until November 6, 2014. 1 CR 40. At that time, the State could have requested a bond increase under art. 17.09, §3, but Appellant was then in custody so there was no reason to increase

bond. The DNA results were irrelevant to the trial court's December 18 decision to grant a personal bond, because no indictment had been filed and the only issue at that time was whether the State could then announce ready for trial. It was not until January 8, 2015, that the State could represent to the court that the DNA results had come in *and* an indictment had been filed. The trial court found that this change in circumstances—not merely as to the State's readiness for trial, but the potential consequences of the charges for the defendant—invoked art. 17.09, §3. CR 40.

Appellant's concern that art. 17.151 and *Ex parte Gill*[8] are somehow rendered "useless and pointless" by the trial court's action here is likewise contrary to the facts. Article 17.151 was concerned with "the indefinite detention of an uncharged accused on an offense the State is not ready to bring to trial." *Id.,* at 432. Nothing about the trial court's action here would permit an accused to be kept in custody beyond 90 days without the State's being ready for trial. Only if the State files an indictment, is ready for trial, and the trial court further finds good cause to believe the existing bond is insufficient can a defendant be rearrested.

The Legislature clearly intended to permit judges to review and revise bonds when "good and sufficient cause" exists to do so. The Legislature likewise intended that a defendant be released from custody after 90 days from his arrest if the State is not ready for trial at that time. Permitting a trial court to revise a bond based on

_____

[8] 413 S.W.3d 425 (Tex. Crim. App. 2013)

"good and sufficient cause" after a defendant has previously been released under 17.151, does not make 17.151 "useless" so long as the State is then ready for trial and 17.09 applies.

Appellant would have the Court instead hold that, once released under art. 17.151, the defendant's bond may *never* be reviewed again. If true, then once a ruling has been made to reduce bond under art. 17.151, a trial court could never reconsider bond under art. 17.09, even if the defendant were to violate a condition of his bond—he could not be rearrested unless he committed or was sentenced for a separate crime, became incompetent, or violated a condition of his bond relating specifically to the safety of the victim or the community. Art. 17.151, §2. That holding would be contrary to *Castellano* and not sensible public policy.

Appellant's Point of Error Two should be overruled.

## CONCLUSION

Nothing in Article 17.151, Code of Criminal Procedure, suggests that once released after 90 days of detention, no judge may thereafter determine that the bond is insufficient once the State becomes ready for trial and other circumstances demonstrate that the amount or type of bond is no longer appropriate. Permitting judges to exercise their authority under article 17.09 to impose a new bond will not make article 17.151 meaningless. The trial court recognized this logic and properly

increased Appellant's bond in this case for "good and sufficient cause" only after the State announced ready for trial and the circumstances of Appellant's case had changed from the time of his initial bonding.

## PRAYER

The State prays this Court affirm the decision of the trial court.

Respectfully submitted,

Wesley H. Mau
Hays County Criminal District Attorney
Attorney for the State of Texas

## CERTIFICATE OF COMPLIANCE WITH TEX.R.APP.PROC., RULE 9.4

I certify that this brief contains 2,351 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of issues presented, signature, proof of service, certification, and certificate of compliance.

Wesley H. Mau
Assistant Attorney General /
Asst. Criminal District Attorney

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-delivered to E. Chevo Pastrano, Appellant's Attorney, at chevo@pastranolaw.com on this the 1st day of April, 2015.

Wesley H. Mau
Criminal District Attorney