# NO. 12-20-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *KEELAN DRE'ANTHONY LARUE, SR.* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Keelan Dre'Anthony Larue, Sr. appeals the trial court's order denying his application for writ of habeas corpus seeking release on a personal recognizance bond, or alternatively a bail reduction. In two issues, he contends that the trial court abused its discretion in denying his habeas corpus application. We reverse and remand.

## BACKGROUND

On June 26, 2020, Appellant was arrested in Angelina County, Texas on two charges of Engaging in Organized Criminal Activity with bonds totaling $250,000. On October 14, Appellant filed an application for writ of habeas corpus seeking his release from jail pursuant to Article 17.151 of the Texas Code of Criminal Procedure on a personal recognizance bond, or alternatively a bond reduction, because he had been incarcerated for over ninety days and the State had not secured an indictment on the charges.[1]

On November 16, the trial court conducted a hearing via teleconference on Appellant's habeas corpus application. At the hearing, Appellant testified that he was seventeen years old and had been a high school student prior to his arrest. He denied any gang affiliation but admitted to one juvenile charge for criminal trespass. Appellant testified that he had no assets to sell or money to make his bail. Appellant's father, Cason Larue, testified that he lived in

---

[1] TEX. CODE CRIM. PROC. ANN. art. 17.151 § 1(1) (West 2005).

Houston, Texas, and if Appellant was released, he would allow Appellant to live with him in Houston pending the resolution of the charges. Cason testified that he would help Appellant obtain a job and his GED. Cason testified that Appellant had no money or assets and Cason had to use all of his savings to hire Appellant an attorney and had no other means to make Appellant's bail. The State acknowledged that it had not secured an indictment against Appellant and was not ready for trial, but argued that the trial court should deny Appellant's habeas corpus application due to Executive Order GA-13, which states in pertinent part, "Article 17.151 of Texas Code of Criminal Procedure" is "hereby suspended to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial."[2]

The trial court denied Appellant's application for writ of habeas corpus. This appeal followed.

## ARTICLE 17.151 AND EXECUTIVE ORDER GA-13

In his first issue, Appellant argues that the trial court abused its discretion in denying his application because it is undisputed that Appellant had been incarcerated for over ninety days and the State had not secured an indictment and, thus, could not be ready for trial. In his second issue, he argues that Executive Order GA-13 cannot legally suspend Article 17.151 because it violates the United States and Texas Constitutions. For ease of understanding, we will address issues one and two together.[3]

**Standard of Review and Applicable Law**

We review a trial court's decision to deny relief on a claim that the State violated Article 17.151 for an abuse of discretion. *See **Ex Parte Gill***, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion. ***Ex Parte Smith***, 486 S.W.3d 62, 65 (Tex. App.—Texarkana 2016, no pet.).

---

[2] *See* TEX. GOV. EXEC. ORDER No. GA-13 (March 29, 2020) *available at* https://gov.texas.gov/uploads/files/press/EO-GA-13_jails_and_bail_for_COVID-19_IMAGE_03-29-2020.pdf.

[3] On April 20, 2021, this Court notified the Texas Attorney General's Office of Appellant's constitutional challenge to GA-13 and sent it a copy of Appellant's brief. *See* TEX. GOV'T CODE ANN. § 402.010 (West Supp. 2020). As of July 29, 2021, this Court has received no response from that office.

Article 17.151 of the Texas Code of Criminal Procedure reads, in pertinent part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: .... 90 days from the commencement of his detention if he is accused of a felony.

TEX. CODE CRIM. PROC. ANN. Art. 17.151 § 1(1) (West 2005). Under Article 17.151, the State bears the initial burden to make a prima facie showing that it was ready for trial within the applicable time period. *Smith*, 486 S.W.3d at 65. The question of the State's "readiness" within the statutory time limit refers to the prosecution's preparedness for trial. *Ex Parte Tucker*, No. 03-20-00372-CR, 2020 WL 7776448, at *5 (Tex. App.—Austin Dec. 31, 2020, no pet.) (mem. op., not designated for publication) (citing *Behrend v. State*, 729 S.W.2d 717, 720 (Tex. Crim. App. 1987)). The State cannot announce ready for trial when there is no indictment. *Ex Parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.). Accordingly, the existence of a charging instrument is an element of the State's preparedness. *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983).

## Analysis

Here, Appellant was arrested and jailed on June 26 and was continuously incarcerated on the charges at the time of the filing of his habeas corpus application on October 14 and at the time of the habeas hearing on November 16. Thus, Appellant had been incarcerated well over ninety days and the State was required to make prima facie showing that it was ready for trial within ninety days after Appellant's detention began—i.e., June 26. *See* TEX. CODE CRIM. PROC. ANN. Art. 17.151 § 1(1). Because the ninety day deadline in Article 17.151 had expired and because the State had not secured an indictment against Appellant within the allotted time frame, the State was not ready for trial and could not have announced it was ready for trial. *See id.*; *Castellano*, 321 S.W.3d at 763. Thus, the State failed to make a prima facie showing that it was ready for trial within ninety days from the date that Appellant's detention commenced on June 26. However, the State argued that Executive Order GA-13, signed by Texas Governor Greg Abbot on March 29, 2020 suspended the "ninety day requirement."

As previously discussed, GA-13 suspends Article 17.151 "to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." TEX. GOV. EXEC. ORDER No. GA-13 (March 29, 2020). Thus, we cannot say that the trial court abused its discretion in denying Appellant's request for a personal recognizance bond because

GA-13 supports the trial court's decision to deny Appellant's request for release on a personal recognizance bond. **Smith**, 486 S.W.3d at 65. Therefore, we overrule Appellant's first issue, in part.

However, GA-13 does not suspend the part of the statute requiring the defendant's automatic release "by reducing the amount of bail required." *See* TEX. GOV. EXEC. ORDER No. GA-13 (March 29, 2020); **Ex Parte Montes**, No. 04-20-00337-CR, 2021 WL 603368, at *2 (Tex. App.—San Antonio Feb. 17, 2021, no pet.) (mem. op., not designated for publication). Thus, because Article 17.151's mandatory provision requiring bail reduction was not altered by GA-13 and because the State was not ready for trial ninety days after Appellant was confined, the trial court was required to grant Appellant's habeas corpus application and reduce his bail. *See* TEX. CODE CRIM. PROC. ANN. Art. 17.151 § 1(1); **Montes**, 2021 WL 603368, at *3. Therefore, we conclude the trial court abused its discretion by denying Appellant's habeas corpus application and by not reducing his bail amounts. *See* TEX. CODE CRIM. PROC. ANN. Art. 17.151 § 1(1); **Montes**, 2021 WL 603368, at *3. We sustain Appellant's first issue, in part.

In his second issue, Appellant argues that GA-13 unconstitutionally restricts the right to bail under the federal and Texas constitutions, violates due process guarantees found in the federal and Texas constitutions, violates the separation of powers established by the Texas constitution, usurps the constitutional right bestowed on the legislature to suspend laws, and exceeds the powers given to the Governor under the Government Code. *See* U.S. CONST. amends. V, VIII; TEX. CONST., art. I, §§ 11, 19, 28; TEX. CONST. art. II, § 1; TEX. GOV'T CODE ANN. §§ 418.011-.026 (West 2019 and West Supp. 2020).

However, Appellant presented no constitutional challenge regarding GA-13 to the trial court. To preserve a complaint for appellate review, the record must show, among other things, that the complaint was made to the trial court. *See* TEX. R. APP. P. 33.1(a). Generally, appellate complaints are forfeited in the absence of a timely request for relief in the trial court except for rights involving systemic requirements or rights that are non-forfeitable but can be affirmatively waived. *See* **Grado v. State**, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Even constitutional rights "may be forfeited for purposes of appellate review unless properly preserved." **Johnson v. State**, No. 03-12-00006-CR, 2012 WL 1582236, at *3 (Tex. App.—Austin May 4, 2012, no pet.) (mem. op., not designated for publication). Because Appellant failed to present his constitutional arguments regarding GA-13 to the trial court, we must conclude that he failed to preserve these

claims for appellate consideration. ***Ex Parte Williams***, 03-20-00457-CR, 2021 WL 1583882, at *12 (Tex. App.—Austin Apr. 23, 2021, no pet. h.) (holding that appellant failed to preserve same constitutional arguments made in this case regarding GA-13 because he did not present them to trial court). Thus, we decline to reach the merits of Appellant's constitutional arguments, and we overrule his second issue.

## DISPOSITION

Having sustained part of Appellant's first issue, we ***reverse*** the trial court's order denying Appellant's habeas corpus application and ***remand*** this case to the trial court for proceedings consistent with this opinion. We ***order*** the Clerk of this Court to issue the mandate immediately. *See* TEX. R. APP. P. 18.6 (allowing the appellate court to issue the mandate with its judgment in an accelerated appeal); ***Ex parte Carson***, 215 S.W.3d 921, 924 (Tex. App—Texarkana 2007, no pet.) (issuing mandate immediately in Article 17.151 bail reduction case).

GREG NEELEY
Justice

Opinion delivered June 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2021**

**NO. 12-20-00269-CR**

**EX PARTE: KEELAN DRE'ANTHONY LARUE, SR.**

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2020-0661)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in order of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the order denying Appellant's habeas corpus application be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance."

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*