

| | |
|---|---|
| § | No. 08-21-00034-CR |
| § | Appeal from the |
| § | 394th District Court |
| § | of Culberson County, Texas |
| § | (TC# 5684) |

EX PARTE: JARETH CARDENAS,

## O P I N I O N

Appellant, Jareth Cardenas, challenges his confinement and set bond amount issued by the district court pursuant to Article 17.151 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 17.151, § 1(1). In a single issue, Appellant argues because he was detained for 90 days without indictment, he was entitled to a bond set in an amount he could afford. Appellant seeks reversal and requests we remand to the district court to order him immediately released on a personal bond, or a bond he can afford.

We granted expedited review to determine whether the district court erred in denying the relief mandated by Article 17.151. We find that it did and accordingly, we reverse.

## BACKGROUND

### *Factual Background*

On October 24, 2020, Appellant was arrested on ten felony charges related to sexual events or contacts with a child. *See* TEX.PENAL CODE ANN. §§ 21.11, 22.011. Bond was set for a total of

$500,000—$50,000 for each charge. On January 29, 2021—98 days after his arrest—Appellant filed an application for writ of habeas corpus challenging the reduced bond amount pursuant to Articles 17.15 and 17.151 of the Texas Code of Criminal Procedure. The State indicted Appellant after the 90-day statutory period, stating on the record that the ten counts were subsumed into three counts—assault of a child, indecency with a child by contact, and indecency with a child by exposure.

The habeas court heard the writ application, and at the evidentiary hearing, Appellant's argument was twofold: (1) whether Article 17.151 was valid due to Governor Abbott's newly issued emergency order; and (2) irrespective of Article 17.151's validity, whether the issued bond amount was reasonable.

### The Governor's Emergency Order ("GA-13")

On March 29, 2020, in response to the COVID-19 Pandemic, the Texas Govenor issued Executive Order No. GA-13 relating to detention in county and municipal jails during the COVID-19 disaster.[1] GA-13 aimed to suspend Article 17.151, mandating:

> Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial.

Emergency Order No. GA-13, at *2.

### Writ of Habeas Corpus Hearing

Appellant's mother, the Culberson County Sheriff, and Appellant himself testified on matters of Appellant's character, his assets, and his financial hardships. The district court took judicial notice of the State's failure to indict Appellant within 90 days of his arrest, triggering the

---

[1] The Governor of the State of Texas, Emergency Order GA-13, March 29, 2020, https://gov.texas.gov/uploads/files/press/EO-GA-13_jails_and_bail_for_COVID-19_IMAGE_03-29-2020.pdf. Lasted visited on July 20, 2021.

provisions of Article 17.151. The district court inquired into the newly issued GA-13 and the legal ramifications as applied to this case, and Appellant argued that because GA-13 was unconstitutional, it did not affect the application of Article 17.151. Appellant stressed that even if GA-13 prohibited his release on a personal bond, he was still entitled to a bond in an amount he could afford under Article 17.151.

Appellant and his mother affirmed he would abide by any and all conditions of his release, and Appellant ultimately argued he had approximately $1,500 available in liquid cash for bond, such that a personal bond in that amount was appropriate, or in the alternative, approximately $15,000 if Appellant utilized a bond company.

The district court reduced Appellant's bond to a total of $110,000. Appellant was unable to post bond and this appeal followed.

## DISCUSSION

In his sole issue, Appellant argues he is entitled to release on a personal bond or a bond he can afford under Article 17.151. We agree.

### *Applicable Law & Standard of Review*

A petition for writ of habeas corpus challenging the reduction of bond amount is reviewed for abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex.Crim.App. 2013). Article 17.151 mandates that a defendant shall be released upon two conditions unrelated to Article 17.15's general rules: (1) the State's unreadiness for district on the criminal action for which an accused is being held; and (2) that the accused has been detained pending district for ninety days, if accused of a felony. *See* TEX.CODE CRIM.PROC.ANN. art. 17.151, § 1(1); *see also Ex parte Gill*, 413 S.W.3d at 430. Article 17.15, "Rules for Fixing Amount of Bail," articulates general "rules" or principles a judge must consider in setting bail. *Id*. at 428. The Texas Court of Criminal Appeals has held

3

Article 17.151 operates in conjunction with, not subservient to, Article 17.15's rules, as long as the judge's decision-making process results in the accused's release. *Id*. at 430. The State cannot announce ready for trial when it has not yet indicted the accused. *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex.App.—Fort Worth 2010, no pet.). In such situation, when a district court declines to release an accused on a personal bond and instead reduces the bail amount, the mandatory provisions of Article 17.151 are triggered, and the district court may not consider the general "rules" or principles of Article 17.15 in setting bail. *Ex parte Gill*, 413 S.W.3d at 429-32. When the court chooses to reduce the amount of bail, it must reduce it to an amount the record reflects the accused can make. *See Rowe v. State*, 853 S.W.2d 581, 582 n.1 (Tex.Crim.App. 1993)("Article 17.151 states the accused *must be released* either on personal bond or by reducing the amount of bail required. If the court chooses to reduce the amount of bail required, it must reduce bail required to an amount that the record reflects an accused can make in order to effectuate release.").

### *Analysis*

On appeal, the State claims the district court did not rule on the constitutionality or validity of GA-13 and therefore, Appellant's complaints are not ripe for review and any opinion by this Court would constitute an improper advisory opinion. Appellant challenges the validity of GA-13, raising a number of constitutional claims—GA-13 is unlawful and violates the Texas Constitution, violates the constitutional limitations on the governor's authority, usurps power authorized by the Texas Constitution, violates constitutional separation of powers, and infringes on the constitutionally ascribed powers of the judiciary.

On June 30, 2021 in *Ex parte Lanclos*, the Court of Criminal Appeals decided a bond issue under Article 17.151 as applied to GA-13. *Ex parte Lanclos*, No. PD-0243-21, 2021 WL 2677550, at *2 (Tex.Crim.App. June 30, 2021). There, the accused was arrested for a felony offense and was

4

indicted after 90 days of being detained. *Id*. at \*1. After filing a writ of habeas corpus under Article 17.151, the habeas court reduced his bond. *Id*. The accused challenged the habeas court's failure to reduce his bond to an amount he could afford, and the court of appeals affirmed the habeas court's order. *Id*. On appeal, the State argued Article 17.151 had been suspended by GA-13. *Id*. at \*2. The Court of Criminal Appeals granted review, and found that GA-13 "suspends Article 17.151 only to the extent that it calls for releasing defendants on personal bond. *It does not suspend Article 17.151's release of defendants on bonds they can afford*." [Emphasis added]. *Id*. at \*2. The Court held the habeas court abused its discretion in setting bail in an amount the record supported the accused could not afford, and reversed and remanded the case to the habeas court for Appellant's bond to be set in an amount he could afford to pay. *Id*. at \*3.

Due to the newly issued opinion by the Court of Criminal Appeals, and notwithstanding whether the district court ruled on the constitutionality of GA-13, we need not address whether GA-13 is constitutional or valid. *See* TEX.R.APP.P. 47.1. *Ex parte Lanclos* makes clear that when a defendant's bond is reduced to an amount the record supports a defendant cannot afford, the district court has abused its discretion. *Id*. at \*3.

In the instant case, the district court took judicial notice that Appellant was not indicted within 90 days after his felony arrest. Thus, as the Court of Criminal Appeals articulated, "Article 17.151 requires more than coming up with a lower number. It mandates release. [A] habeas court abuse[s] its discretion in picking a number that frustrate[s] Article 17.151's mandate to release" a defendant. *Id*. at \*3.

The State concedes the district court abused its discretion in setting a reduced total bond of $110,000, as the record did not support Appellant could afford bond in that amount as required by

Article 17.151. At the evidentiary hearing, testimony was heard that Appellant worked as a gas station tire technician before his incarceration, and owned the following assets:

-Approximately $600 in his bank account;
-Approximately $600 in a stock account;
-A pickup truck worth approximately $1,000;
-Two other non-running vehicles worth approximately $500 each.

Appellant calculated he could afford no more than $1,500 in liquid cash, or $15,000 if a bond company was utilized. The record shows Appellant could not afford bond in the amount of $110,000—particularly because he never posted it.

We find because Appellant was detained in jail on felony charges without indictment for more than 90 days, and because the record supports he could not afford the set bond amount of $110,000, the district court abused its discretion. Appellant is entitled to release under Article 17.151. We reverse the judgment and remand to the district court for Appellant's bond to be set in an amount he can afford to pay.

## CONCLUSION

For these reasons, we reverse and remand the case to the district court for immediate further proceedings consistent with this opinion.

July 21, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Publish)