

February 5, 2026

The Honorable Layne Thompson
Angelina County District Attorney
Post Office Box 908
Lufkin, Texas 75902-0908

**Opinion No. KP-0513**

Re: Enforceability of bond conditions (RQ-0571-KP)

Dear Mr. Thompson:

You write to ask two questions regarding the enforceability of bond conditions.[1] You first ask if "bond conditions become enforceable when the defendant signs the order of conditions" or only "upon the defendant bonding out from custody." Request Letter at 1. Your second question concerns whether bond conditions are enforceable if a defendant is "rearrested." *Id.* You say "[t]hese issues mainly arise in the context of 'no contact' bond conditions" and efforts to "protect the victim while the defendant is in custody." *Id.*

**Chapter 17 of the Code of Criminal Procedure governs pre-trial bonds.**

Chapter 17 of the Texas Code of Criminal Procedure "governs the procedure for setting pre-trial bond for a criminal defendant, including conditions on that bond."[2] *Ex parte Tucker*, 977 S.W.2d 713, 715 (Tex. App.—Fort Worth 1998), *pet. dism'd as moot*, 3 S.W.3d 576 (Tex. Crim. App. 1999) (per curiam); *see also* TEX. CODE CRIM. PROC. arts. 17.01–.53. Article 17.028 requires a magistrate, "[w]ithout unnecessary delay but not later than 48 hours after a defendant is arrested," to order one of the following bail decisions: (1) grant personal bond with or without conditions; (2) grant a surety or cash bond with or without conditions; or (3) deny bail in accordance with law. TEX. CODE CRIM. PROC. art. 17.028(a); *see also id.* art. 2A.151 (identifying officers who are "magistrates"). As referenced in that provision, a magistrate may impose conditions of bond on

---

[1] *See* Letter from Hon. Layne Thompson, Angelina Cnty. Dist. Att'y, to Off. of the Tex. Att'y Gen., Op. Comm. at 1 (Nov. 12, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ 0571KP.pdf ("Request Letter").

[2] You do not direct us to any law relevant to your questions. *See id.* Because an "exhaustive treatment" of your questions is outside the scope of an opinion, we consider the issues under only Chapter 17 of the Texas Code of Criminal Procedure. *See* Tex. Att'y Gen. Op. No. AC-0003 (2023) at 2 n.5.

the defendant.[3] *Id.* art. 17.028(b) (requiring the magistrate to "impose the least restrictive conditions" in setting the bail). A condition of pre-trial bail must be reasonable, secure the defendant's presence at trial, and be related to the safety of the alleged victim or the community. *See Ex parte Allen*, 657 S.W.3d 866, 870 (Tex. App.—Texarkana 2022, no pet.); *see also* TEX. CODE CRIM. PROC. art. 17.15(a) (detailing the rules for "any conditions of bail"). An order that contains a condition prohibiting a defendant from interacting with certain individuals, such as the alleged victim, is often referred to as a "no contact order." *E.g.*, *Ex parte Allen*, 657 S.W.3d at 870.

Following the bail decision, a defendant is given a reasonable time "to procure security." TEX. CODE CRIM. PROC. art. 17.26. If no security is given the "magistrate shall make an order committing the accused to jail to be kept safely until legally discharged." *Id.* art. 17.27. Conversely, if the defendant is ready to give bail, "the magistrate shall cause to be prepared a bond," which must be signed by the defendant and any surety. *Id.* art. 17.28. Once "the accused has given the required bond," the defendant must "at once be set at liberty." *Id.* art. 17.29(a). With that background, we turn to your first question regarding when bond conditions "become enforceable." Request Letter at 1.

**Pre-trial bond conditions are effective when a defendant gives the bond ordered by the magistrate and may not be enforced prior to that time.**

We begin our consideration with the relevant language in Chapter 17 and seek to effectuate the legislative intent and purpose in that statutory text. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Courts apply the plain meaning of a term when the statute is clear and unambiguous, *id.*, consulting standard dictionaries to determine an undefined term's plain meaning, *Prichard v. State*, 533 S.W.3d 315, 319–20 (Tex. Crim. App. 2017). "When interpretating a statute," they "look not only at the single, discrete provision at issue but at other provisions within the whole statutory scheme." *State v. Schunior*, 506 S.W.3d 29, 37 (Tex. Crim. App. 2016).

Chapter 17 consistently speaks to conditions "of bond," *e.g.*, TEX. CODE CRIM. PROC. arts. 17.40, .41(b), .45, and "on bond," *e.g.*, *id.* arts. 17.44(a), .46(a), .465(b), .47, .49(b). The term "of" is "used as a function word to indicate the position in time of an action or occurrence," and the term "on" is "used as a function word to indicate . . . an instant, action, or occurrence when something begins or is done." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 860, 865 (11th ed. 2004). Bond means "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. art. 17.01 (defining "bail"); *Ex parte Gomez*, 624 S.W.3d 573, 577 (Tex. Crim. App. 2021) (en banc) ("Chapter 17 uses 'bail' and 'bond' interchangeably."). Based on a plain reading of the relevant provisions, a condition "of bond" or "on bond" is effective at the time a defendant gives the bond ordered by the magistrate and may not be enforced under Chapter 17 prior to that time. That a condition is effective once "the accused has given the required bond" and is to "be set at liberty," TEX. CODE CRIM. PROC. art. 17.29(a), ensures that the condition works to secure the defendant's presence at trial and keep the alleged victim or the community safe, *Ex*

---

[3] The magistrate is required to impose conditions in some circumstances. *See, e.g.*, TEX. CODE CRIM. PROC. arts. 17.41(b), .465(b), .47(b)

*parte Allen*, 657 S.W.3d at 870 (setting out the three criteria by which a condition of pre-trial bail is judged).

You propose that a bond condition may be enforceable "when the defendant signs the order of conditions." Request Letter at 1. We find no reference in Chapter 17 to an "order of conditions," and you provide no example of such an order.[4] As previously discussed, an order by the magistrate granting bail may place conditions on the defendant. *See* TEX. CODE CRIM. PROC. art. 17.028(a)(1)–(2). And a magistrate is required to sign such an order. *Id.* art. 2A.1521. However, we find no requirement that a defendant sign the order.[5] Regardless, bond conditions are not effective when the defendant is merely eligible for bail, but when the defendant gives the bond required by the magistrate's order. *See supra* p. 2. You appear to recognize this possibility by suggesting the alternative proposal that a bond condition is enforceable "upon the defendant bonding out from custody." Request Letter at 1. We find no reference to "bonding out" in Chapter 17, but to the extent this is meant to reference the point at which a defendant has "given the required bond," we agree the conditions are enforceable at that time. *See* TEX. CODE CRIM. PROC. art. 17.29(a).

Our conclusion is not meant to suggest that a magistrate has no ability under Chapter 17 to prohibit a defendant from interacting with an alleged victim prior to the defendant giving the required bond, which appears to be your underlying concern. *See* Request Letter at 1 (asking if "bond conditions that protect the victim while the defendant is in custody" may be enforced). Article 17.292(c) expressly authorizes a magistrate to "prohibit the arrested party" from directly communicating "with a member of the family or household or with the person protected under" an emergency protection order. TEX. CODE CRIM. PROC. art. 17.292(c)(2)(A); *see also id.* art. 17.292(a) (providing a "magistrate may issue an order for emergency protection" when the defendant is arrested for certain offenses, including "an offense involving family violence"). An emergency protection order "is effective on issuance." *Id.* art. 17.292(j); *see also Segundo v. State*, No. 09-23-00332-CR, 2024 WL 4284320, at *2, 9–10 (Tex. App.—Beaumont Sept. 25, 2024, no pet.) (mem. op.) (affirming a defendant's conviction of violating an emergency protective order by impermissibly contacting the victim protected by the order while the defendant was in jail). Had the Legislature intended the magistrate's article 17.028(a)(1)–(2) bail order to operate similarly, we presume it would have expressly provided the same. *See In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 158–59 (Tex. 2021) (explaining courts presume "the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen" (quoting *In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020))).

---

[4] Moreover, we do not construe court orders in the opinion process. *See* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 10.

[5] Despite finding no statutory requirement, we recognize that this may be common practice. *See, e.g., Ex parte Martinez*, No. 02-15-00353-CR, 2015 WL 9598924, at *3–4 (Tex. App.—Fort Worth Dec. 31, 2015, no pet.) (mem. op.).

**Bond conditions are not enforceable after revocation and rearrest.**

Your second question asks the following: "If a person violates their bond conditions after they have been rearrested, are the bond conditions still enforceable even though the defendant is no longer on bond?" Request Letter at 1. We understand you to mean the defendant is rearrested for violating the conditions of his bond. *See, e.g.*, TEX. CODE CRIM. PROC. art. 17.08, § 6 (referring to the "rearrest[] of an accused who has violated the conditions of his bond"). For instance, a magistrate "may revoke the bond and order the defendant arrested" if the defendant fails to comply with bond conditions requiring home confinement and electronic monitoring or controlled substance testing. *Id.* art. 17.44(c); *see also, e.g.*, *Ex parte Vasquez*, No. 01–17–00376–CR, 2017 WL 3184740, at *1 (Tex. App.—Houston [1st Dist.] July 27, 2017, no pet.) (mem. op.). The bond conditions are no longer enforceable when the magistrate revokes the bond and the defendant is rearrested.[6] *Cf.* TEX. CODE CRIM. PROC. art. 17.40(b) ("Once the defendant is placed in custody, the revocation of the defendant's bond discharges the sureties on the bond, if any, from any future liability on the bond."). Rather, the court typically sets a new bond that may, or may not, include the same conditions. *See id.* art. 17.09, § 3; *see also, e.g.*, *Ex parte Marcantoni*, No. 14-03-00079-CR, 2003 WL 1887883, at *3 (Tex. App.—Houston [14th Dist.] Apr. 17, 2003, no pet.) (mem. op.).

---

[6] Likewise, the defendant's arrest for a wholly separate offense would typically result in the revocation of the defendant's bond, *see, e.g.*, *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.), and in that case, the bond conditions would no longer be enforceable.

## **S U M M A R Y**

Based on a plain reading of the relevant provisions of Chapter 17 of the Texas Code of Criminal Procedure, bond conditions are effective when a defendant gives the bond ordered by the magistrate and may not be enforced prior to that time.

Bond conditions are not enforceable after revocation of the bond and rearrest of the defendant.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee